9 F.3d 36
 Lester Lee JACOBS, Appellant,
v.
A.L. LOCKHART, Director of the Arkansas Department of
Correction; Willis H. Sargent, Warden; G. Lay, Chief
Security Officer; T. Falls, Lt.; D. Tate, Lt.; W.
Straughn, Lt.; B.R. Parker, Sgt.; C. Procter, Sgt.; G.
Veazy, Sgt.; T. Fowler, Sgt.; J. Heier, Lt., Cummins Unit;
G. Hitz, Sr., Appellees.
 No. 92-3339.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 11, 1993.
Decided Aug. 31, 1993.
Publication Ordered Oct. 29, 1993.
Order and Dissent on Denial of
Suggestion for Rehearing En Banc
Oct. 29, 1993.
 
 James A. Ross, Monticello, AR, argued, for appellant.
 David Eberhard, Asst. U.S. Atty., Little Rock, AR, argued, for appellees.
 Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Lester Lee Jacobs appeals from judgment entered by the district court[1] in favor of defendants. The district court had accepted the findings and recommendations of the magistrate judge.[2]
 
 
 2
 Jacobs, a black inmate in the Arkansas Department of Corrections, filed a Sec. 1983 action against the defendants, alleging their policy of using certain inmate housing forms racially discriminated against him in the manner he was assigned to certain punitive and maximum security cells at the Cummins Unit.
 
 
 3
 The magistrate judge conducted an evidentiary hearing, where Jacobs was permitted to present evidence on his claims. The magistrate judge concluded that Jacobs had not established a prima facie showing of racial discrimination against the defendants and that housing assignments followed legitimate security concerns. On appeal, Jacobs argues the district court erred in dismissing his action and not ruling the defendants discriminated against him based on his race.
 
 
 4
 Having reviewed the record, we agree with the magistrate judge's findings and recommendations that Jacobs failed to make a prima facie showing of discrimination. Because the district court's judgment is based on findings of fact that are not clearly erroneous, no error appears, and an opinion would have no precedential value, the judgment entered by the district court is affirmed without opinion. See 8th Cir.R. 47B.
 
 
 5
 HENLEY, Senior Circuit Judge, dissenting.
 
 
 6
 By approving the practices of the Arkansas Department of Corrections, the district court below wholly disregarded prior orders issued by that same court. As the prior rulings are directly on point, I would remand to the district court for further proceedings to determine whether conditions have so changed as to require a different result. Therefore, I respectfully dissent.
 
 
 7
 In Holt v. Hutto, 363 F.Supp. 194 (E.D.Ark.1973), the district court determined that prisoners in the maximum security unit at Cummins were assigned to racially segregated cells. As a general rule, the court found such segregation to be improper but noted that individual exceptions could exist: "This is not to say, of course, that there may not be some inmates, whether white or black, who cannot safely be confined in a cell with a member or members of the other race. In such cases the Constitution does not require assignment to integrated cells." Holt, 363 F.Supp. at 203. In order to determine whether the individual exceptions applied, the court ordered:
 
 
 8
 No present or future inmate of the unit is to be assigned to a cell on the basis of race unless the Superintendent of the institution personally finds in writing and with a statement of supporting reasons that the inmate in question should not be confined in an integrated cell; such finding is to be made a part of the inmate's prison record.
 
 
 9
 Id. Though the Eighth Circuit modified certain aspects of the district court's opinion, the court upheld this particular ruling. Finney v. Arkansas Bd. of Correction, 505 F.2d 194, 209 (8th Cir.1974).
 
 
 10
 The actions of prison officials in the present case flatly contravene the dictates of the district court's prior order. First and foremost, no official of the Cummins Unit has made written findings which justify any individual case of segregation. Obviously, therefore, no written findings have been made a part of any inmate's prison record.
 
 
 11
 More fundamentally, it is uncertain that the segregation results from legitimate safety concerns. Indeed, in light of evidence indicating that prisoners were segregated even when they did not explain why they could not live with a prisoner of another race, the segregation appears to result more from the prisoners' personal preferences than from safety concerns.[1] Such a system was struck down in Finney v. Mabry, 534 F.Supp. 1026, 1043 (E.D.Ark.1982), where the court rejected a questionnaire similar to the one currently employed at Cummins because it "creates the situation where, if the inmate says the right thing, he can avoid having a person of a different race in the cell with him. This does not meet the limited criteria set forth in [Holt v. Hutto ]."
 
 
 12
 Under the doctrine of stare decisis, the district court in the present case owed a certain amount of deference to the prior orders of that court, particularly considering the Eighth Circuit's subsequent affirmance of the initial order.[2] Though conceding that, at least as between different judges on the same district court, the doctrine of stare decisis may be a somewhat flexible doctrine rather than a hard and fast rule, the Eighth Circuit has noted that the "general policy is not to lightly overrule a prior decision of the court." Johns v. Redeker, 406 F.2d 878, 882 (8th Cir.1969). Therefore, though a prior holding may be departed from on the basis of obvious error or changed circumstances, the court seeking to make the departure should explicitly identify the error or changed circumstances and explain why a different result is justified.
 
 
 13
 Here no such explanation was made. Indeed, neither the magistrate nor the district court, which adopted in full the magistrate's findings and conclusions, even cited Holt v. Hutto or Finney v. Mabry, much less attempted to distinguish either of them. Consequently, I would remand to the district court in order for that court to identify any changed circumstances or other justification for its departure from the holding of Holt v. Hutto, or to take other action not inconsistent with the views expressed in this dissent.
 
 
 14
 Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 
 ORDER
 
 15
 Oct. 29, 1993.
 
 
 16
 The suggestion for rehearing en banc is denied. Chief Judge Arnold, Judge McMillian, and Judge John R. Gibson would grant the suggestion.
 
 
 17
 The petition for rehearing by the panel is also denied.
 
 
 18
 McMILLIAN, Circuit Judge, dissenting, joined by RICHARD S. ARNOLD, Chief Judge.
 
 
 19
 I respectfully dissent from the denial of the suggestion for rehearing en banc for the reasons set forth in Judge Henley's dissent. I write to express my fear that the effect of the majority's Rule 47B per curiam opinion will be to encourage Arkansas prison officials to disregard twenty-five years of litigation concerning unconstitutional conditions of confinement in the prison system. In particular, I am concerned that the opinion will encourage officials to abandon integration and make cell assignments solely on the basis of an inmate's personal preference, rather than on the basis of legitimate security concerns.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [1]
 There is some indication that prison officials have of their own volition racially segregated many of the cells, and indeed that desegregation is negligible
 
 
 [2]
 This litigation really began in 1969. For its earlier history, see Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)