# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2919

_____

United States of America,

       Appellee,

v.

Richard Lee Counts,

       Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [PUBLISHED]
\*

_____

Submitted: June 7, 2007
Filed: August 17, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this appeal, Richard Counts challenges the district court's[1] imposition of a sentence of 180 months' imprisonment for possession of a firearm as a previously-convicted felon, in violation of 18 U.S.C. § 922(g)(1). Counts disputes the district court's determination that his prior Missouri conviction for first-degree tampering with an automobile is a "violent felony" within the meaning of 18 U.S.C. § 924(e)(1). Upon *de novo* review, and in light of governing circuit precedent, we affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Section 924(e) provides that a defendant convicted under § 922(g)(1) is subject to a mandatory term of fifteen years' imprisonment if he has three previous convictions for a "violent felony" or a "serious drug offense." A prior offense is a "violent felony" if it is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). It is undisputed that Counts had been convicted of at least two qualifying offenses: second-degree burglary in 1997 and sale of marijuana in 2002. The district court found that his conviction in 1997 for first-degree tampering with an automobile was a violent felony under the residual clause of § 924(e)(2)(B)(ii), and that it thus constituted a third qualifying conviction.

Our court addressed the residual clause in *United States v. McCall*, 439 F.3d 967 (8th Cir. 2006) (en banc). We explained there that courts should apply a categorical approach to the definition of violent felony, generally resolving whether a prior conviction qualifies without regard to the specific underlying facts of the prior offense. *Id.* at 970. We did allow, however, that where a particular offense is "overinclusive," because the offense as defined by statute criminalizes conduct that does not "necessarily present a serious potential risk of physical injury to others," *id.* at 973, then the court may examine the judicial record of the prior conviction to determine whether it is qualifying under § 924(e). In that instance, we said, the court must determine from the permissible documentary evidence whether a jury was required to find, or a guilty plea necessarily rested on the fact, that the defendant's violation was committed in a manner that necessarily presented a serious potential risk of physical injury to others. *Id.* Under this analysis, we held that a prior conviction for operating a vehicle while intoxicated in Missouri qualifies as a violent felony only if the judicial record demonstrates that the offender was actually *driving* when he committed the offense, as contrasted, for example, with merely operating the vehicle by sitting in a parked vehicle to keep warm with the motor running. *Id.*

The Missouri statute under which Counts was convicted in 1997, Missouri Rev. Stat. § 569.080 (1994), provided that a person commits the offense of tampering in the first degree if:

> (1) He for the purpose of causing a substantial interruption or impairment of a service rendered to the public by a utility or by an institution providing health or safety protection, damages or tampers with property or facilities of such a utility or institution, and thereby causes substantial interruption or impairment of service; or
>
> (2) He knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof.

The felony complaint to which Counts pled guilty charged that he knowingly, and without the consent of the owner, unlawfully operated a 1988 Ford Taurus.

Counts contends that the offense of tampering by operation (which itself is a subdivision of the broader offense defined in section 569.080) is not a violent felony, because the offense does not inherently present a serious potential risk of physical injury to another. He observes that a person may commit the offense of tampering by operation without intending permanently to deprive the rightful owner of possession, as is required for the offense of stealing in Missouri. *See* Mo. Rev. Stat. § 570.030 (2000). Counts suggests that a person may commit the offense merely by starting a car and listening to the radio, or by briefly taking a car from a friend or relative for short-term use, as long as these acts are done without the owner's consent. There is also an indication in Missouri literature that the offender in a tampering-by-operation case often is a subsequent transferee of a vehicle that has been reported stolen, rather than the perpetrator of a theft directly from the owner. *See* Robert H. Dierker, 32 Missouri Practice Series, Missouri Criminal Law § 35.1 (2d ed. 2004). Counts argues that the inclusion of such conduct within the scope of the offense demonstrates that first-degree tampering does not *categorically* present a serious risk of physical injury.

Our court considered the status of the Missouri offense of tampering by operation in *United States v. Johnson*, 417 F.3d 990 (8th Cir. 2005), *cert. denied*, 127 S. Ct. 285 (2006), and held that it qualifies as a violent felony under § 924(e). We concluded that the offense of first-degree tampering had a "close connection" with the offense of automobile theft, and that the two offenses differed only with respect to the permanence of the offender's intent to deprive the owner of possession. *Id*. at 997-98. Based on "the substantial similarity" of these two offenses, the court reasoned that tampering by operation presented the same risks of injury identified with automobile theft, *see United States v. Sun Bear*, 307 F.3d 747, 750 (8th Cir. 2002), and that the risks associated with tampering were sufficient to warrant classifying it as a violent felony. *Id*. While *Johnson* concluded that the Missouri tampering statute was overinclusive in at least one sense described by *McCall*, and thus distinguished between "tampering by operation" and "tampering by possession," 417 F.3d at 998, the opinion did not address such issues as whether a prosecution seeking to apply § 924(e) to a tampering offense must show that the offender was actually convicted for *driving* the vehicle with which he tampered, or for taking the vehicle directly from the possession of the owner. The opinion in *Johnson* was filed before our en banc decision in *McCall*, but a petition for rehearing in *Johnson* was denied after *McCall*, and other panels consistently have applied *Johnson* as circuit precedent since then. *E.g.*, *United States v. Thomas*, 484 F.3d 542, 545 (8th Cir. 2007); *United States v. Reliford*, 471 F.3d 913, 916-17 (8th Cir. 2006); *United States v. Farris*, 449 F.3d 822, 823 (8th Cir. 2006) (per curiam); *United States v. Bockes*, 447 F.3d 1090, 1092-93 (8th Cir. 2006); *United States v. Adams*, 442 F.3d 645, 646-47 (8th Cir. 2006).

After our decisions in *Johnson* and *McCall*, the Supreme Court addressed the residual clause of § 924(e) in *James v. United States*, 127 S. Ct. 1586 (2007), which held that the offense of attempted burglary in Florida was a violent felony. In determining whether an offense is encompassed by the residual clause, the Court employed a "categorical approach," under which the Court looks "only to the fact of conviction and the statutory definition of the prior offense," and does not "generally

consider the particular facts disclosed by the record of conviction." *Id*. at 1594. Under that approach, the Court considers "whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of [a] particular offender." *Id*. The Court had no occasion in *James* to address specifically whether it would approve of the modified categorical approach applied by our court in *McCall*, because the Court concluded that the Florida statute defining attempted burglary did not authorize a conviction based on certain preparatory activity which, it was argued, "poses no real danger of harm to others." *Id*.; *cf. United States v. Permenter*, 969 F.2d 911, 913-14 (10th Cir. 1992) (reasoning that because "[a] sentencing court is required to focus on the statutory elements of a given crime, rather than on the means by which a particular offense was committed," and there is no statutory definition of specific crimes covered by the "otherwise" clause, "[a]ny approach to the 'otherwise' clause other than purely categorical analysis would distort congressional intent") (cited in *James*, 127 S. Ct. at 1596 n.4). The Court in *James* did explain that under the categorical approach, not "every conceivable factual offense covered by a statute must necessarily present a serious potential risk of physical injury before the offense can be deemed a violent felony," and that the "proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id*. at 1597.

Three dissenting Justices advocated a different framework for analysis. Expressing concern about the breadth of § 924(e) as interpreted by the courts of appeals, these Justices cited our court's precedent on tampering with operation for the proposition that "the reality of what is taking place in the lower courts" is that "virtually any crime" can qualify as a violent felony. *Id*. at 1606 n.4 (Scalia, J., dissenting).

While there have been developments in the law since *Johnson*, and opinions may differ on whether *Johnson* was correctly decided, or whether *McCall* or *James*

supports reconsideration of that holding, we conclude that this panel is bound by circuit precedent that tampering by operation in Missouri is a violent felony.[2] Accordingly, the judgment of the district court is affirmed.

_____

---

[2]In an alternative argument, Counts suggests that the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), compels the conclusion that tampering by operation is not a violent felony. As we have explained elsewhere, however, *Leocal* construed 18 U.S.C. § 16(b), which is more limited in scope than the residual clause of § 924(e), and it is therefore not controlling. *E.g.*, *McCall*, 439 F.3d at 971.