# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2679

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Kenneth D. Williams, | * | |
| | * | |
| Defendant – Appellant. | * | |
| | * | |

_____

Submitted: March 13, 2008
Filed:  August 11, 2008

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

The defendant, Kenneth D. Williams, pled guilty to being a felon in possession of a firearm.  On appeal, Williams argues that the district court erred by enhancing his sentence based on a finding that his prior convictions for auto theft and auto tampering qualify as crimes of violence under the United States Sentencing Guidelines.  We reverse and remand for resentencing.

## I. Background

Williams pled guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). The district court sentenced Williams to a term of 57 months in prison, a sentence within the advisory Guidelines range. The advisory range was calculated using § 2K2.1(a)(2) of the United States Sentencing Guidelines. That subsection enhanced Williams's base offense from a level 14 to a level 24 because the district court found that Williams had committed two prior felonies that qualified as crimes of violence—auto theft and auto tampering. Both prior felonies were violations of Missouri law.

Our court previously held that auto theft is a crime of violence. United States v. Sprouse, 394 F.3d 578, 581 (8th Cir. 2005) (holding that auto theft is a crime of violence for purposes of U.S.S.G. §2K2.1(a)(2) and a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) and (e)(2)(B)); United States v. Sun Bear, 307 F.3d 747, 753 (8th Cir. 2002) (holding that attempted auto theft is a crime of violence for purposes of the career offender enhancement of U.S.S.G. § 4B1.1). Following Sun Bear, our court also held auto tampering to be a violent felony. United States v. Johnson, 417 F.3d 990, 997 (8th Cir. 2005) (holding auto tampering to be a violent felony for purposes of 18 U.S.C. § 924(e) and a crime of violence for purposes of U.S.S.G. § 4B1.1); United States v. Counts, 498 F.3d 802, 804-05 (8th Cir. 2007) (applying Johnson to hold auto tampering to be a violent felony for purposes of 18 U.S.C. § 924(e)), cert. granted and judgment vacated, 128 S. Ct. 2049 (2008) (remanding to our court for further consideration in light of Begay v. United States, 128 S. Ct. 1581 (2008)). The district court applied our controlling precedent to determine the advisory Guidelines range.

Subsequent to oral argument in this case, the United States Supreme Court decided Begay v. United States, 128 S. Ct. 1581 (2008), which held that driving under the influence of alcohol (DUI) is not a violent felony for purposes of the Armed Career Criminal Act. 128 S. Ct. at 1583. Our panel, therefore, sought and received supplemental briefing on Begay's effect on our precedent dealing with auto tampering and auto theft. We now conclude that Begay, as intervening Supreme Court authority, compels us to disregard Sun Bear and its progeny to the extent that the Supreme Court

-2-

uses reasoning that conflicts with the rationale that our court used to determine that auto theft and auto tampering were crimes of violence.

## II. Analysis

We first note that we are bound by cases interpreting whether an offense is a crime of violence under the Guidelines as well as cases interpreting whether an offense is a violent felony under the Armed Career Criminal Act. United States v. Johnson, 417 F.3d at 996 ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'"). Section 2K2.1 of the Guidelines prescribes an offense level of 24 for a person convicted of being a felon in possession of a firearm after having been convicted of two or more crimes of violence. Section 4B1.1 provides for an enhanced offense level for certain crimes if the defendant has two predicate felonies for qualifying drug offenses or crimes of violence. The commentary to both § 2K2.1 and § 4B1.1 refer to § 4B1.2(a), which provides a definition of a "crime of violence" that is virtually identical to the definition of a "violent felony" in the Armed Career Criminal Act. Compare U.S.S.G. § 4B1.2(a) with 18 U.S.C. § 924(e)(2)(B).

The present case involves the term "crime of violence" whereas the Supreme Court in Begay interpreted the term "violent felony." We have never recognized a distinction between the two. See Sprouse, 394 F.3d at 580 ("Because the definitions of crime of violence and violent felony are identical, the same analysis applies in determining whether [the defendant's] convictions fall within the conduct defined."). In fact, in Sprouse, we held that pursuant to the prior authority of Sun Bear, auto theft is a violent felony for purposes of 18 U.S.C. § 924(e), just as it was a crime of violence for purposes of the Guidelines. Id. at 580-81; see also United States v. Walker, 494 F.3d 688, 693 (8th Cir. 2007) (noting that 18 U.S.C. § 924(e)(2)(B)(ii) and U.S.S.G. § 4B1.2 are "identically worded"), cert. granted and judgment vacated, 128 S. Ct. 2050 (2008) (remanding to our court for further consideration in light of Begay, 128 S. Ct. 1581 (2008)); United States v. Spudich, 443 F.3d 986, 987 (8th Cir. 2006) ("The definition of 'crime of violence' for purposes of U.S.S.G. § 2K2.1(a)(2) is nearly identical to the definition of 'violent felony' considered in McCall, and we

generally apply the same analysis to both terms."); United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002).

In construing whether auto theft and auto tampering are crimes of violence, we look at what is commonly referred to as the "otherwise" clause of 18 U.S.C. § 924(e)(2)(B)(ii) or U.S.S.G. § 4B1.2(a)(2). The "otherwise" clause provides enhanced penalties for defendants with predicate felonies for certain listed example crimes—"burglary, arson, or extortion," and crimes "involv[ing] [the] use of explosives"—as well as crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The "otherwise" clause is the section of the Armed Career Criminal Act analyzed in Begay. 128 S. Ct. at 1581.

Begay held that for a crime to fall within the "otherwise" clause it must pose a similar degree of risk of physical injury as the example crimes and be similar in kind to the example crimes. 128 S. Ct. at 1585-86. Therefore, even if a crime presents the same degree of risk of physical injury as the example crimes, it is not covered by the "otherwise" clause unless it is also similar in kind to the example crimes. Id. at 1586. For a crime to be similar in kind to the example crimes, it should typically involve "purposeful, violent, and aggressive conduct." Id. For example, although DUI may be as dangerous as the example crimes, it is too different in kind to be covered by the "otherwise" clause. Id. at 1586-87 (noting that the example crimes should be read as limiting the crimes covered by the "otherwise" clause).

Begay did not take issue with the Tenth Circuit's conclusion that DUI poses a significant threat of injury to another. Begay, 128 S. Ct. at 1584 (noting that even if DUI is as dangerous as the example crimes, DUI is too unlike the example crimes to conclude that Congress intended it to be covered by the "otherwise" clause). Likewise, Begay does not impact our court's earlier findings that auto theft and auto tampering pose a similar degree of risk of physical injury as the example crimes. We now recognize, however, that the degree of risk of physical injury is only half of the analysis. Sun Bear and its progeny did not consider whether auto theft and auto tampering were similar in kind to the example crimes. Instead, our previous analyses focused solely on the degree of risk of physical injury associated with a crime. See

Counts, 498 F.3d at 804 (holding that the conduct required for auto tampering was a violent felony because it involved a degree of risk similar to auto theft); Sprouse, 394 F.3d at 580-81 (examining the likely consequences of auto theft); Sun Bear, 307 F.3d at 752-53 (examining the likely consequences of attempted auto theft). Begay, therefore, requires that our analysis focus on whether auto theft and auto tampering are similar in kind to the example crimes.

To determine whether auto theft is similar in kind to the example crimes, we consider whether auto theft involves conduct that is similarly "purposeful, violent, and aggressive" when compared to the conduct involved in auto theft's closest analogue among the example crimes.[1] See James v. United States, 127 S. Ct. 1586, 1597 (2007) (analyzing whether a crime falls within the "otherwise" clause by analogizing to the most closely related example crime). We also recognize that Begay emphasized that the "otherwise" clause should only encompass crimes "show[ing] an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." Begay, 128 S. Ct. at 1587.

As relevant to this case, a person commits the crime of auto theft under Missouri law if he appropriates the property of another with the purpose of depriving the owner of the property, either without the owner's consent or by means of deceit or coercion. See Mo. Rev. Stat. § 570.030. We consider the generic elements of the offense rather than the specific details of how Williams committed the crime. See Begay, 128 S. Ct. at 1584. The statutory definition, however, sets forth three distinct offenses with different elements: auto theft without consent, auto theft by deceit, and auto theft by coercion. See, e.g., Mo. Approved Charges-Criminal 24.02.1 (Stealing: Without Consent), 24.02.2 (Stealing: by Deceit), & 24.02.3 (Stealing: by Coercion) (standard form of approved charges for violations of Mo. Rev. Stat. § 570.030.1, promulgated by authority of Mo. Sup. Ct. R. 23.01(b)).

---

[1]When analyzing a predicate felony, Begay reiterates that courts should consider how the law defines the crime, not how a crime might be committed on a particular occasion. Begay, 128 S. Ct. at 1584; see Taylor v. United States, 495 U.S. 575, 602 (1990) (adopting the "categorical approach").

To determine the closest analog among the example crimes, then, it is necessary to look beyond the complete statutory definition of the crime to discover which part of the statute Williams violated. This examination is limited, as per the "modified categorical approach," and we may look to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." United States v. Shepherd, 544 U.S. 13, 26 (2005).

We cannot determine from the present record which of the three offenses described by R.S.Mo. § 570.030 Williams committed. Accordingly, on remand,[2] the district court should consider permissible materials, as per Shepherd, and determine the particular offense involved in Williams's auto theft conviction. We believe it is clear auto theft by deception is not a qualifying predicate offense under Begay. Auto theft by deception is so "unlike" the example crimes as to make selection of the closest analog an almost impossible exercise. We also believe it is clear the closest analog to auto theft by coercion is the example crime of extortion. See Vernon's Ann. Mo. Stat § 570.030, Comment to 1973 Proposed Code ("Stealing by coercion includes, but it not necessarily limited to, conduct which would have constituted extortion and blackmail.");[3] State v. Cox, 752 S.W.2d 855, 857 (Mo. Ct. App. 1988)

_____

[2]See United States v. McCall, 439 F.3d 967, 974 (8th Cir. 2006) (en banc) (analyzing an "overinclusive" state statute and remanding for the district court to determine whether the defendant's prior convictions fell under the portion of the statute that qualified as a violent felony), rev'd on other grounds by Begay, 128 S. Ct. at 1581. Our conclusion that auto tampering, one of the two predicate offenses in this case, is not a crime of violence, means that Williams does not have two prior convictions for crimes of violence. Remand as per McCall remains necessary, however, to determine if Williams's prior conviction for auto theft qualifies as a crime of violence. For purposes of determining Williams's base offense level, U.S.S.G. § 2K2.1(a)(4)(A) sets a base offense level of 20 if a defendant has a prior felony conviction for a crime of violence, while § 2K2.1(a)(6) sets the base offense level at 14 if he does not have a such a prior felony conviction.

[3]Missouri courts often rely upon these comments in interpreting code provisions. See, e.g., State v. Lee Mech. Contrs., 938 S.W.2d 269, 272 (Mo. Banc.

(describing the threat of harm required for offense of stealing by coercion). Auto theft by coercion, with its inherent threat of violence and close similarity in kind to extortion satisfies the two-part <u>Begay</u> test. This leaves only auto theft without consent, to which the application of <u>Begay</u> is much less clear and which merits further discussion.

The closest analog to auto theft without consent among the example crimes is burglary. <u>See</u> <u>Begay</u>, 128 S. Ct. at 1589 (Scalia, J., concurring) (arguing that, of the example crimes, burglary poses the smallest risk for physical injury and that any crime that poses less risk than burglary is not covered by the "otherwise" clause). The Supreme Court identifies the elements of burglary as consisting of: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." <u>Taylor</u>, 495 U.S. at 598. As the Supreme Court notes, "The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." <u>Id.</u> at 588. This possibility makes burglary particularly violent and aggressive because the burglar's "own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape." <u>Id.</u> In contrast, while auto theft without consent may involve some potential for confrontation, it does so to a far lesser extent.

There are many crimes that involve dispossessing another of an automobile that are far more violent than auto theft without consent and more closely analogous to burglary. This observation helps us reach the conclusion that a prior conviction for auto theft without consent is not a good indicator that the offender will "pull the trigger" during a future crime. For example, a person using force to steal a vehicle would be guilty of robbery under Missouri law. <u>See</u> Mo. Rev. Stat. § 569.020. Under federal law, a person using force or intimidation to steal a car could be charged with carjacking. 18 U.S.C. § 2119. We recognize that there is something more violent and aggressive about someone who chooses to use force when stealing a car. Given that a person who commits auto theft without consent has not demonstrated a similar proclivity for violence and aggression, we cannot say that such a person is as likely

---

1997); <u>State v. Beishir</u>, 646 S.W.2d 74, 79 (Mo. Banc 1983).

to use a gun in the commission of a future crime as a person who has committed one of the example crimes.

As further support for our conclusion, we note that legislative history indicates that Congress did not intend to include auto theft without consent as a crime of violence. The Supreme Court noted that "Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion as a predicate offense, both in 1984 and in 1986, because of its inherent potential for harm to persons." Taylor, 495 U.S. at 588. The Supreme Court's understanding of Congress's intent, therefore, indicates that auto theft without consent is simply too different in kind to be deemed a crime of violence.

Similarly, auto tampering does not involve conduct that is similar in kind to the example crimes because it includes a range of conduct that is neither violent nor aggressive.[4] First, auto tampering involves conduct that is clearly less violent and aggressive than burglary. For example, tampering may be committed by merely receiving, possessing, selling, altering, or defacing an automobile. Mo. Rev. Stat. § 569.080.1(2). Second, auto tampering is less serious than auto theft because it does not require that the offender intend to permanently deprive the owner of the vehicle. Third, Congress intended the Armed Career Criminal Act to encompass serious crimes that are committed as means of sustaining the offender's livelihood. Taylor, 495 U.S. at 587-88 (discussing the kind of offenders targeted by Congress through the Armed Career Criminal Act). The typical auto tampering offense is likely to be more closely akin to joyriding. See, e.g., United States v. Sanchez-Garcia, 501 F.3d 1208, 1213 (10th Cir. 2007) (noting that unlawful use of means of transportation, the Arizona equivalent to tampering, may take the form of joyriding). As such, it is hard to imagine that Congress intended the "otherwise" clause to encompass auto tampering. Finally, since tampering is generally a lesser included offense to auto theft, we would be hard pressed to find auto tampering a crime of violence when we have now decided auto theft without consent or by deceit is not such a crime.

---

[4]Under Missouri law, a person tampers in the first degree if he knowingly receives, possesses, sells, alters, defaces, destroys, or unlawfully operates an automobile without the owner's consent. See Mo. Rev. Stat. § 569.080.1(2).

While not a justification in itself for abandoning the reasoning of <u>Sun Bear</u>, our holding that auto tampering and auto theft without consent or by deceit are not crimes of violence brings us in line with all the other circuits that have addressed these issues. <u>See, e.g.</u>, <u>Sanchez-Garcia</u>, 501 F.3d at 1212 (holding that unlawful use of means of transportation is not a crime of violence); <u>United States v. Charles</u>, 301 F.3d 309, 314 (5th Cir. 2002) (en banc) (holding that motor vehicle theft is not a crime of violence); <u>United States v. Crowell</u>, 997 F.2d 146, 149 (6th Cir. 1993) (holding that aggravated motor vehicle theft is not a crime of violence).

The government could, but does not, argue that tampering and auto theft are distinguishable from DUI based on the state of mind required by the statute. DUI is a strict liability crime, whereas auto tampering and auto theft require knowledge or purpose. <u>See</u> <u>Begay</u>, 128 S. Ct. at 1586-87 (discussing the mens rea typically required for a DUI conviction). This distinction, however, does not carry the day. The Supreme Court's description of conduct that is similar in kind consistently uses "and" to join the words "purposeful, violent, *and* aggressive conduct." <u>Begay</u>, 128 S. Ct. at 1586 (emphasis added). Therefore, all characteristics should typically be present before an "otherwise" crime reaches the level of an example crime. While auto theft without consent or by deceit is certainly purposeful, as discussed above, it does not involve the same level of violence and aggression as the example crimes.

In accord with our typical rule, the government argues in its supplemental brief that a panel may not overrule an earlier decision of another panel. <u>See</u> <u>Jackson v. Ault</u>, 452 F.3d 734, 736 (8th Cir. 2006). That rule, however, does not apply when there is intervening Supreme Court precedent: "Although one panel of this court ordinarily cannot overrule another panel, *this rule does not apply when the earlier panel decision is cast into doubt by a decision of the Supreme Court*." <u>Patterson v. Tenet Healthcare, Inc.</u>, 113 F.3d 832, 838 (8th Cir. 1997) (emphasis added); <u>see</u> <u>Young v. Hayes</u>, 218 F.3d 850, 853 (8th Cir. 2000). This Court is required to "explicitly identify the error or changed circumstances and explain why a different result is justified." <u>Jacobs v. Lockhart</u>, 9 F.3d 36, 38 (8th Cir. 1993). For the reasons discussed above, a different result is required because the reasoning in <u>Sun Bear</u> is inconsistent with <u>Begay</u>.

In summary, applying Missouri law, we conclude that auto theft by deception, auto theft without consent, and auto tampering are not crimes of violence for purposes of U.S.S.G. § 2K2.1(a)(2).  We find that auto theft by coercion is closely analogous to extortion and constitutes a crime of violence.

## III.  Conclusion

Accordingly, we reverse and remand for resentencing.  On remand, the district court should consider permissible materials, as per the modified categorical approach of Shepherd, and determine the particular offense involved in Williams's auto theft conviction.

_____