# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3120

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Ryan A. Moore, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 9, 2008
Filed: November 19, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ryan Moore pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months of imprisonment as an Armed Career Criminal under 18 U.S.C. § 924(e) after the district court determined he had three prior violent felonies, two for committing the Missouri offense of tampering in violation of Mo. Rev. Stat. § 569.080, and one for committing the Missouri offense of auto theft in violation of Mo. Rev. Stat. § 570.030. On appeal,

Moore challenges his sentence contending his prior convictions were not violent felonies under the Armed Career Criminal Act.[1]

We recently held the Missouri crime of tampering does not qualify as a "crime of violence" for purposes of U.S. Sentencing Guideline § 2K2.1(a)(2), United States v. Williams, 537 F.3d 969, 974-75 (8th Cir. 2008), a term we recognize as synonymous with the term "violent felony" for purposes of the Armed Career Criminal Act, see United States v. Johnson, 417 F.3d 990, 996 (8th Cir. 2007) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'"). We also held the Missouri crime of auto theft does not qualify as a "crime of violence" in certain circumstances. Williams, 537 F.3d at 973-74.

Based on the holding in Williams, we reverse Moore's sentence and remand this case to the district court for resentencing.

————————————————

---

[1]Moore also challenges the constitutionality of § 922(g)(1), making an argument this court has previously rejected. See, e.g., United States v. Gary, 341 F.3d 829, 835 (8th Cir. 2003). We therefore reject it as well.