# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2901

_____

United States of America,           *
                               *

        Appellee,           *
                               *   Appeal from the United States

     v.                 *   District Court for the
                               *   Eastern District of Missouri.

Kobyashi Jones,            *

                               *      [UNPUBLISHED]

        Appellant.         *

_____

Submitted:  May 27, 2008
Filed:  December 4, 2008

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Kobyashi Jones pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months' imprisonment as an armed career criminal under 18 U.S.C. § 924(e) after the district court found that Jones had three prior violent felonies, one for committing the Missouri offense of tampering in the first degree based upon his conduct in operating a vehicle without the owner's consent. See United States v. Jones, 224 Fed. Appx. 548 (8th Cir. 2007). Following our affirmance of Jones's sentence, the United States Supreme Court granted Jones's petition for certiorari, vacated our judgment, and remanded the case for further consideration in light of Begay v. United States, 128 S. Ct. 1581 (2008). See Jones v. United States, 128 S. Ct. 2047 (2008).

We recently held that the Missouri crime of tampering does not qualify as a "crime of violence" for purposes of U.S. Sentencing Guideline § 2K2.1(a)(2), United States v. Williams, 537 F.3d 969, 974-75 (8th Cir. 2008), a term we recognize as synonymous with the term "violent felony" for purposes of the Armed Career Criminal Act, see United States v. Johnson, 417 F.3d 990, 996 (8th Cir. 2007) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'").

Based on the holding in Williams, we vacate Jones's sentence and remand the case to the district court for resentencing.

_____