# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2919

_____

United States of America,       *
                                *
         Appellee,        *
                                *   Appeal from the United States
     v.                       *   District Court for the
                                *   Western District of Missouri.
Richard Lee Counts,        *
                                *   [UNPUBLISHED]
         Appellant.      *

_____

Submitted:  May 28, 2008
Filed:  December 30, 2008 **(Corrected 1/21/09)**

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

This case is before the court on remand from the Supreme Court for further consideration in light of *Begay v. United States*, 128 S. Ct. 1581 (2008). Counts was sentenced to a statutory minimum term of 180 months' imprisonment for unlawful possession of a firearm as a felon. The sentence was based on the district court's determination that Counts qualified as an armed career criminal within the meaning of 18 U.S.C. § 924(e), because he had sustained three prior convictions for a violent felony or a serious drug offense. *See* 18 U.S.C. § 924(e)(2). One of those convictions involved the offense of tampering with a vehicle by operation in Missouri. *See* Mo. Rev. Stat. § 569.080. In a prior opinion, we affirmed the judgment of the district court, including its determination that Counts's prior conviction for tampering by

operation was a "violent felony." *See United States v. Counts*, 498 F.3d 802 (8th Cir. 2007) (per curiam), *vacated*, 128 S. Ct. 2049 (2008).

After this case was remanded, another panel of this court, relying on *Begay*, overruled circuit precedent and held that auto tampering by operation in Missouri is not a crime of violence under USSG § 4B1.2. *United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir.), *reh'g denied*, 546 F.3d 961 (8th Cir. 2008). The *Williams* opinion stated that the inquiry applicable to § 4B1.2 also governs whether an offense is a violent felony under § 924(e), and thus effectively abrogated circuit precedent holding that tampering by operation is a violent felony. *See United States v. Johnson*, 417 F.3d 990, 999 (8th Cir. 2005). In light of *Williams*, Counts's prior offense of tampering by operation is not a violent felony, and Counts does not qualify as an armed career criminal based on his prior conviction for this offense. Accordingly, the district court's judgment is vacated, and the case is remanded for resentencing.

_____