# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1551

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anjuan Mosby, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: January 9, 2009

_____

Before MELLOY and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

PER CURIAM.

Anjuan Quinell Mosby pled guilty to one count of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). The district court imposed a 180-month sentence after applying the Armed Career Criminal enhancement, 18 U.S.C. § 924(e). Mosby had two prior convictions for first degree auto tampering, Mo. Rev. Stat. § 569.080.1(2), and three convictions for auto theft, Mo. Rev. Stat. § 570.030. He argues on appeal that his prior convictions for auto tampering and theft are not violent felonies qualifying him as an armed career criminal. Jurisdiction being proper under

_____

[1] The Honorable David S. Doty, United States Senior District Judge for the District of Minnesota.

28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court reverses and remands for resentencing.

The Missouri crime of tampering does not qualify as a "crime of violence" for purposes of U.S. Sentencing Guideline § 2K2.1(a)(2), *United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir. 2008), a term synonymous with the term "violent felony" for purposes of the Armed Career Criminal Act. *See United States v. Johnson*, 417 F.3d 990, 996 (8th Cir. 2007) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'").

The *Williams* case also held that, of the three distinct offenses (auto theft without consent, auto theft by deceit, and auto theft by coercion) in § 570.030, only auto theft by coercion is a crime of violence. 537 F.3d at 974-75. Therefore, Mosby's prior convictions for auto theft are violent felonies only if committed by coercion.

In determining whether Mosby committed auto theft by coercion, this court is restricted to examining a "limited universe of judicial documents." *See United States v. Reliford*, 471 F.3d 913, 916 (8th Cir. 2006) (when offense is eligible for "violent felony" classification but state criminal statute is over-inclusive – that is, elements of offense also encompass conduct that does not constitute "violent felony" – the court must consider facts underlying conviction by examining a limited universe of judicial documents), *cert. denied*, 127 S. Ct. 2248 (2007); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (inquiry is limited to terms of charging document, terms of plea agreement or transcript of colloquy, or some comparable judicial record of this information).

Because this court cannot determine from the present record whether Mosby committed auto theft by coercion, we vacate his sentence and remand the case for resentencing. *See Williams*, 537 F.3d at 973 (instructing the district court, after considering permissible materials, to determine which auto theft offense defendant committed).

_____