# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1979

_____

United States of America,        *
           *
        Appellee,    *   Appeal from the United States
           *   District Court for the
   v.            *   Eastern District of Missouri.
           *
Craig Thomas Priday,     *   [UNPUBLISHED]
           *
        Appellant.   *

_____

Submitted: May 13, 2008
Filed: January 12, 2009

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Craig Thomas Priday pled guilty to possessing firearms after one prior conviction for tampering with a motor vehicle by operation, *see* Mo. Rev. Stat. § 569.080.1(2), and two previous convictions for assault, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After determining that Priday was subject to an enhanced sentence under section 924(e)(1) as an armed career criminal, because he had three prior convictions for violent felonies, *see* U.S.S.G. § 4B1.4(a), the district court sentenced him to 180 months in prison and 3 years of supervised release. On appeal, Priday argues that the district court violated the Sixth Amendment and acted contrary to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it concluded that his conviction for tampering with a motor vehicle was a violent felony.

We recently held the Missouri crime of tampering does not qualify as a "crime of violence" for purposes of U.S. Sentencing Guideline § 2K2.1(a)(2), *United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir. 2008), a term we recognize as synonymous with the term "violent felony" for purposes of the Armed Career Criminal Act, *see United States v. Johnson*, 417 F.3d 990, 996 (8th Cir. 2005) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'").

Based on the holding in *Williams*, we reverse the sentence and remand to the district court for resentencing.

_____