# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3195

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Andre L. Jones, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 14, 2008
Filed: February 26, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Andre Jones pled guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court determined, based on Jones's criminal history, that he qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) and USSG § 4B1.4, because he had sustained three prior convictions for a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B). The court relied on a prior Missouri conviction for robbery in the second degree as one predicate offense. Over Jones's objection, the court also ruled that four prior convictions in Missouri for first degree tampering with a motor vehicle, *see* Mo. Rev. Stat. § 569.080, counted as violent felonies. Accordingly, the court

sentenced Jones to the statutory minimum term of 180 months' imprisonment. *See* 18 U.S.C. § 924(e)(1).

Jones appeals, arguing that the district court should have reduced his sentence below the statutory minimum based on assistance that he provided to the government in the investigation of other offenses. In a supplemental brief, Jones contends that the district court also erred by classifying him as an armed career criminal. He argues that in light of *United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir.), *reh'g denied*, 546 F.3d 961 (8th Cir. 2008), his prior convictions for tampering with a motor vehicle do not qualify as violent felonies under § 924(e). Relying on *Begay v. United States*, 128 S. Ct. 1581 (2008), *Williams* held that auto tampering by operation in Missouri is not a crime of violence under USSG § 4B1.2, thus overruling *United States v. Bockes*, 447 F.3d 1090, 1092-93 (8th Cir. 2006). *Williams* stated that the inquiry applicable to § 4B1.2 also governs whether an offense is a violent felony under § 924(e), thus effectively abrogating circuit precedent holding that tampering by operation is a violent felony. *See United States v. Johnson*, 417 F.3d 990, 996-999 (8th Cir. 2005). Therefore, under current law, Jones should not have been sentenced as an armed career criminal. In view of this conclusion, we need not address Jones's argument that the district court had authority to sentence him below the statutory minimum. *But cf. United States v. Holbdy*, 489 F.3d 910, 912-13 (8th Cir. 2007).

For these reasons, we vacate the judgment of the district court and remand for resentencing.

_____