# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1422

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| David J. Elliott, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 13, 2008
Filed: March 9, 2009

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

David J. Elliott was charged in a one-count indictment as a felon in possession of a firearm. He pleaded guilty, and the District Court sentenced him to fifty-seven months in prison and three years of supervised release. Elliott appeals his sentence.

For his first issue, Elliott argues that the District Court did not adequately take into account the 18 U.S.C. § 3553(a) sentencing factors when determining an appropriate sentence. We disagree. It is clear from our review of the sentencing record that the court considered all of Elliott's arguments when imposing sentence and did not, as he contends, focus on his criminal history to the exclusion of other relevant factors. See United States v. Howe, 538 F.3d 842, 858 (8th Cir. 2008). We conclude

that the District Court did not abuse its discretion.  See Gall v. United States, 128 S. Ct. 586, 597 (2007) (standard of review).

Elliott also maintains, for the first time on appeal, that the District Court erred in increasing his base offense level based on his prior conviction under Missouri law for auto tampering, which at the time of sentencing was deemed a crime of violence for sentencing purposes.  Because Elliott did not raise this issue in the District Court, we review for plain error.  See Howe, 538 F.3d at 857.

After Elliott was sentenced, this Court, relying on the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008), determined that auto tampering as broadly defined by the Missouri statute is not a crime of violence for U.S. Sentencing Guidelines purposes, abrogating Eighth Circuit precedents to the contrary.  United States v. Williams, 537 F.3d 969, 974–75 (8th Cir. 2008).  In sentencing Elliott under the law in effect at the time, the District Court committed plain error that affected Elliott's substantial rights.  See United States v. Davis, 538 F.3d 914, 917 (8th Cir. 2008).  Elliott therefore must prevail on his appeal on this point.

We vacate Elliott's sentence and remand for resentencing.

_____