# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3942

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff–Appellee, | * | |
| | * | On Remand from the |
| v. | * | United States Supreme Court. |
| | * | |
| Damon Flamont Smith, | * | [UNPUBLISHED] |
| | * | |
| Defendant–Appellant. | * | |

_____

Submitted: May 29, 2008
Filed: July 15, 2009

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the Supreme Court of the United States, which vacated the judgment previously entered and directed reconsideration of the case in light of Begay v. United States, 128 S. Ct. 1581 (2008). Smith v. United States, 128 S. Ct. 2049 (2008).

Damon Flamont Smith pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Based on Smith's multiple prior felony convictions for "tampering in the first degree" under Missouri state law, see Mo. Rev. Stat. § 569.080.1(2), the district court found Smith had been convicted three times or more of a "violent felony" as defined in 18 U.S.C. § 924(e), thus also triggering

classification as an "armed career criminal" and a sentence enhancement under U.S. Sentencing Guidelines ("USSG") § 4B1.4.

All three of the convictions upon which the district court relied in determining that Smith had the predicate violent felonies necessary to trigger an enhanced sentence were "tampering in the first degree" by "operat[ing] an automobile . . . without the consent of the owner." Mo. Rev. Stat. § 569.080.1(2). While this court had previously held that tampering convictions under Missouri law constituted violent felonies for the purposes of 18 U.S.C. § 924(e), see United States v. Johnson, 417 F.3d 990, 997 (8th Cir. 2005), following the Supreme Court's decision in Begay, we revisited this precedent and determined that automobile tampering under Missouri law is not a "crime of violence" and cannot be used as the basis for a career-offender enhancement. See United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008); see also id. at 971 (noting no distinction between the Guidelines' definition of "crime of violence" and "violent felony" under 18 U.S.C. § 924(e)(2)(B), which was the interpretative focus of Begay, for the purposes of determining the applicability of a career-criminal enhancement). Thus, we conclude that Smith's convictions cannot serve as the basis of a sentence under 18 U.S.C. § 924(e) or an armed-career criminal classification under USSG § 4B1.4.

Accordingly, we vacate our prior opinion and remand to the district court for resentencing.

_____