# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1515
_____

United States of America

*Plaintiff - Appellee*

v.

Julian Jerome Collins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 12, 2014
Filed: September 24, 2014
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Julian Collins pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Collins appeals his sentence, arguing

that the district court[1] incorrectly applied a greater base offense level on the basis of a determination that Collins's prior Iowa conviction for aggravated assault constituted a "crime of violence" under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2K2.1(a)(2).  We affirm.

After Collins pleaded guilty to being a felon in possession of a firearm, a probation officer prepared a presentence investigation report (PSR).  The PSR applied § 2K2.1(a)(2), which provides for a base offense level of 24 for possession of a firearm by a felon if the defendant was previously convicted of two felony crimes of violence.  The PSR based its application of § 2K2.1(a)(2) on two of Collins's previous state court convictions that it classified as crimes of violence:  first degree theft and aggravated assault.  Collins objected to the offense level calculated in the PSR, arguing, among other things, that his prior state conviction for aggravated assault did not constitute a crime of violence.  Collins renewed this objection at sentencing, and the parties submitted several documents regarding Collins's aggravated assault conviction.

These documents included relevant portions of the Iowa Code defining aggravated assault and dangerous weapon, Iowa's jury instructions for aggravated assault and dangerous weapon, the trial information for Collins's aggravated assault conviction, the minutes of testimony relied upon by the state court in accepting Collins's guilty plea, and the transcript of the plea proceeding.  Collins agreed that the minutes of testimony, which incorporated a police report, formed the factual basis for his plea.  According to the police report, Collins grabbed a baseball bat from the victim and pushed her into a wall.  Witnesses also reported that Collins attempted to swing the bat at the victim.

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

The district court reviewed the documents and determined that Collins's aggravated assault conviction constituted a crime of violence for purposes of § 2K2.1(a)(2), resulting in a base offense level of 24. The district court then calculated a total offense level of 29 and a criminal history category IV, which provided an advisory Guidelines sentencing range of 121 to 151 months, capped by the statutory maximum of 120 months. See 18 U.S.C. § 924(a)(2). The district court sentenced Collins to 90 months' imprisonment, to be followed by two years of supervised release.

Collins concedes that the theft conviction constitutes a crime of violence, but maintains that the aggravated assault conviction does not. We review *de novo* a district court's determination that a defendant's prior conviction constitutes a crime of violence. See United States v. Sampson, 606 F.3d 505, 511 (8th Cir. 2010).

"In construing the term 'crime of violence' under § 2K2.1(a)(2), we look to the definition provided by U.S.S.G. § 4B1.2(a)[.]" Id. A "crime of violence" is defined in § 4B1.2(a) as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

"[T]he phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

To determine whether the offense for which Collins was convicted qualifies as a crime of violence, we look only to the offense's statutory definition and disregard the factual underpinnings of his conviction. See Sampson, 606 F.3d at 511; see also Begay v. United States, 553 U.S. 137, 141 (2008). To identify the precise statute and subsection to which Collins pleaded guilty, however, "we may look to 'the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" United States v. Williams, 537 F.3d 969, 973 (8th Cir. 2008) (quoting Shepard v. United States, 544 U.S. 13, 26 (2005) (plurality opinion)); see also United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011) ("When a statute of conviction encompasses several different crimes, some of which qualify as crimes of violence and some of which do not, we may use a 'modified categorical approach' to determine which part of the statute was the basis for conviction.").

Collins's trial information alleged that he committed the crime of aggravated assault in violation of Iowa Code §§ 708.1 and 708.2(3) and explained: "The said JULIAN J. COLLINS on or about September 24, 2008 in the County of Des Moines, and State of Iowa, did assault the person of Wendy Littrell and in doing so displayed a dangerous weapon in a threatening manner." The judgment likewise reflected that Collins pleaded guilty to aggravated assault in violation of Iowa Code §§ 708.1 and 708.2(3).

Section 708.1 provides the three ways in which a person can commit an assault.[2] In turn, § 708.2(3) provides: "A person who commits an assault, as defined

---

[2]Under § 708.1, a person commits an assault when the person does any of the following:

a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive

in section 708.1, and uses or displays a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor." Also relevant is the definition of dangerous weapon found in Iowa Code § 702.7. Section 702.7 defines "dangerous weapon" in the following two ways:

> A "dangerous weapon" is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed, except a bow and arrow when possessed and used for hunting or any other lawful purpose. Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon.

It is not clear from the relevant documents which subpart of § 708.1 formed the basis of Collins's conviction. The documents, however, clearly indicate that Collins displayed a dangerous weapon in connection with the assault in violation of § 708.2(3). Further, the minutes of testimony reveal that the dangerous weapon Collins displayed was a baseball bat. Accordingly, the second definition of dangerous weapon applies. This definition of dangerous weapon has an element of threatened use of physical force—that is, force capable of causing physical pain or injury to another person—because to be a dangerous weapon, the baseball bat must have been "used in such a manner as to indicate that the defendant intend[ed] to inflict death or

---

to another, coupled with the apparent ability to execute the act.

b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

serious injury upon the other[.]" Iowa Code § 702.7.  Collins's Iowa conviction for aggravated assault thus constitutes a crime of violence under § 2K2.1(a)(2).

The sentence is affirmed.

_____