# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 22-1765

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Christopher T. Mallett

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: February 13, 2023
Filed: April 27, 2023
[Published]

——————————

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

——————————

PER CURIAM.

Christopher Mallett pleaded guilty to one count of being a felon in possession of a firearm. The district court[1] enhanced the sentence under the Armed Career

———————————————————

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Criminal Act (ACCA), 18 U.S.C. § 924(e). Mallett has one prior conviction for domestic battery and two prior convictions under the Arkansas robbery statute. *See* Ark. Code Ann. § 5-12-102. On appeal, Mallett agrees that his domestic battery conviction is a "violent felony" for purposes of the ACCA but disputes the district court's holding that his convictions under the Arkansas robbery statute are as well. We affirm.

We review de novo whether a previous conviction is a violent felony under the ACCA. *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (referred to as the "elements" clause). In Arkansas, "[a] person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102(a). In Arkansas, robbery is a class B felony with a minimum term of imprisonment of five years. *Id.* §§ 5-12-102(b), 5-4-401(a)(3). Arkansas defines "physical force" in the context of robbery as "any . . . [b]odily impact, restraint, or confinement; or . . . [t]hreat of any bodily impact, restraint, or confinement." *Id.* § 5-12-101(1)–(2).

Mallett argues that the Arkansas robbery statute does not possess an element with the requisite degree of force necessary to be a "violent felony" due to the inclusion of "restraint" or "confinement." *See id.* "In determining whether a conviction is a violent felony, courts must start with the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense." *United States v. Jordan*, 812 F.3d 1183, 1186 (8th Cir. 2016) (internal quotation marks omitted). The Supreme Court has held that "the elements clause [of

-2-

the ACCA] encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019).

Our decision here is "bound by cases interpreting whether an offense is a crime of violence under the Guidelines as well as cases interpreting whether an offense is a violent felony under the Armed Career Criminal Act." *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008); *see also United States v. Johnson*, 326 F.3d 934, 936 (8th Cir. 2003) (noting that the definitions of "violent felony" and "crime of violence" are nearly identical). In *United States v. Smith*, we held that an Arkansas robbery conviction is a crime of violence under the Guidelines. 928 F.3d 714, 717 (8th Cir. 2019). Given that and considering the close similarity between the terms "violent felony" and "crime of violence," it follows that an Arkansas robbery conviction would also be a violent felony for the purposes of the ACCA.

This is the same logic used in our unpublished decision in *United States v. Thomas*, 811 F. App'x 390, 391 (8th Cir. 2020) (unpublished per curiam). Although not binding, its reasoning is persuasive. In determining whether an Arkansas robbery conviction is a violent felony, "we are bound by cases interpreting whether an offense is a crime of violence under the Guidelines." *Id.* (quoting *Williams*, 537 F.3d at 971). An Arkansas robbery conviction is a crime of violence under the Guidelines. *Id.* at 390–91 (citing *Smith*, 928 F.3d at 716–17). It thus follows that an Arkansas robbery conviction is a violent felony under the ACCA. *Id.* at 391.

Accordingly, we affirm the judgment of the district court.

_____