# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1723

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Raymond H. Hollis, | * | |
| | * | [PUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: March 16, 2006
Filed:  May 12, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Raymond Hollis appeals his sixty-month prison sentence imposed by the district court[1] after he was convicted of being a felon in possession of a firearm. Hollis argues the court erred when it concluded Hollis's previous 1998 Missouri felony conviction for resisting arrest was a "crime of violence" under United States Sentencing Guidelines § 4B1.2(a).  We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

We consider de novo whether Hollis's prior conviction is a crime of violence under U.S.S.G. § 4B1.2(a). See United States v. McCall, 439 F.3d 967, 969 (8th Cir. 2006) (considering de novo whether a conviction for driving while intoxicated is a "violent felony" under § 924(e)(2)(B) which uses a similar definition to that for "crime of violence" in U.S.S.G. § 4B1.2(a)); United States v. Nation, 243 F.3d 467, 471 (8th Cir. 2001) (engaging in de novo review for interpretation and construction of the Sentencing Guidelines). Having carefully reviewed the record, we agree with the district court's conclusion that resisting arrest is a crime of violence.

The version of the Missouri statute under which Hollis was convicted states that a person commits the crime of resisting arrest if:

> knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

Mo. Rev. Stat. § 575.150 (1998) (amended in 2002 and 2005). Pursuant to U.S.S.G. § 4B1.2(a)(2), a crime of violence includes those criminal acts that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."

Hollis argues that the specific conduct underlying his conviction does not amount to a crime of violence. We need not examine Hollis's conduct, however, if

the elements of the crime for which he was convicted involve conduct that "necessarily presents a serious potential risk of physical injury to another" and the statute is not "over inclusive." McCall, 439 F.3d at 971, 972-74 (considering the identical "otherwise involves" provision used in § 924(e)(2)(B)). We believe that resisting arrest, as defined by Missouri law, necessarily presents a serious potential risk of physical injury to another. See United States v. Wardrick, 350 F.3d 446, 455 (4th Cir.), cert. denied, 541 U.S. 966 (2004) ("The act of resisting arrest poses a threat of direct confrontation between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others.").

The possibility of physical injury to another that occurs when one resists arrest is similar to the potential for such injury in other crimes which this court has categorized as "crimes of violence." See, e.g., Nation, 243 F.3d at 472 (holding that a "walkaway" escape is a crime of violence for the purposes of U.S.S.G. § 4B1.2). Just as "even the most peaceful escape attempt cannot eliminate the potential for violent conflict when the authorities attempt to recapture the escapee," all incidents of resisting arrest pose a serious potential risk of violence and, thus, physical injury to another. Id.

Hollis argues that resisting arrest, as defined by Mo. Rev. Stat. § 575.150, is not necessarily a crime of violence because the statute encompasses "passive resistance." For this proposition he cites State v. Feagan, 835 S.W.2d 448, 450 (Mo. Ct. App. 1992), where the defendant was convicted of resisting arrest after threatening violence and "stiffening his arms" to resist being handcuffed. We do not find such behavior to be "passive resistance." In our opinion, one does not violate the statute by engaging in traditional, non-violent acts of passive protest, such as a "sit-in" or "lie-in." Although these acts may violate other statutes and may result in the physical removal of a protester by an officer, they do not necessarily constitute the use of force against an officer. Refusing to *aid* in one's own arrest by continuing to lie on the ground or going limp is different than fleeing, pulling away, or otherwise

using force to *impede* the arrest.  We can find no Missouri opinion indicating a passive protester has ever been convicted for resisting arrest in this manner.

For the foregoing reasons we affirm the decision of the district court.

_____