# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3066

_____

United States of America,

        Appellee,

v.

Anthony Rudolph Vasquez,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*     [UNPUBLISHED]

_____

Submitted: October 24, 2006
Filed: November 8, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Anthony R. Vasquez (Vasquez) pled guilty to possessing with intent to distribute cocaine base (Count 1) and cocaine (Count 2), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C). At sentencing, over Vasquez's objections, the district court[1] concluded he was a career offender based in part on his two previous felony convictions for crimes of violence–a Missouri conviction for second-degree attempted burglary and a Colorado conviction for second-degree assault with intent to cause serious bodily injury in the heat of passion. The court imposed concurrent

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

120- month prison terms, and concurrent supervised release terms of 5 years on Count 1 and 3 years on Count 2. On appeal, Vasquez challenges the denial of his career-offender objections, arguing that neither of the predicate offenses was a "crime of violence."

Career-offender status requires, among other things, at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1(a). A "crime of violence" is any federal or state offense punishable by more than one year in prison that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." See id. § 4B1.2(a). "[T]he offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry." See id. § 4B1.2 cmt. n.2. We review de novo whether a prior conviction is a crime of violence under section 4B1.2(a). See United States v. Hollis, 447 F.3d 1053, 1054 (8th Cir. 2006) (per curiam).

First, Vasquez's Missouri conviction for second-degree attempted burglary is a crime of violence. See United States v. Strong, 415 F.3d 902, 907-08 (8th Cir. 2005).

Second, under Colorado Revised Statutes section 18-3-203(1)(f.5)(I), a person confined in a detention facility commits second-degree assault if the detainee, "with intent to infect, injure, harm, harass, annoy, threaten, or alarm," causes a detention facility employee "to come into contact with blood, seminal fluid, urine, feces, saliva, mucus, vomit, or any toxic, caustic, or hazardous material by any means." Under United States Sentencing Guideline § 4B1.2(a)(2), an offense that is punishable by more than a year in prison and presents a serious risk of physical injury is a crime of violence. See United States v. McCall, 439 F.3d 967, 971-72 (8th Cir. 2006) (en banc) (interpreting 18 U.S.C. § 924(e)(2)(B)(ii), which is substantially similar to

-2-

U.S.S.G. § 4B1.2(a) and explaining "the inherent potential for harm must be present, if not in every violation, at least in a substantial portion of the circumstances made criminal by the statute"). To determine whether an offense involves conduct that presents a serious potential risk of physical injury to another, we take a common sense approach to evaluate the risks and consequences associated with the offense. United States v. Johnson, 415 F.3d 990, 999 (8th Cir. 2005). Section 18-3-203(1)(f.5)(I) of the Colorado Revised Statutes proscribes conduct that presents a serious risk of physical injury to another, specifically, the threat infectious diseases pose. We therefore conclude the district court properly classified Vasquez's assault conviction as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2) and sentenced Vasquez as a career criminal under U.S.S.G. § 4B1.1.[2]

Accordingly, we affirm the sentence.

_____

_____

[2]Because we conclude Vasquez's conviction under Colorado Revised Statutes section 18-3-203(1)(f.5)(I) was a crime of violence under U.S.S.G. § 4B1.2(a)(2), we need not consider whether Vasquez's conviction was a crime of violence under U.S.S.G. § 4B1.2(a)(1).
Having considered Vasquez's pro se arguments, we reject them as meritless.