# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3240

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Stephan L. Hudson, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: April 15, 2009
Filed: August 20, 2009

_____

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and ROSENBAUM,[*] District Judge.

_____

LOKEN, Chief Judge.

Stephan Hudson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] concluded that Hudson's prior Missouri felony conviction for resisting arrest was a "crime of violence" within the

_____

[*]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

[1]The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri.

meaning of U.S.S.G. § 4B1.2(a), which produced a base offense level of twenty under § 2K2.1(a)(4) of the advisory Guidelines.[2] Hudson appeals the resulting seventy-month sentence. Reviewing the crime of violence issue *de novo*, we affirm. <u>See</u> <u>United States v. Hollis</u>, 447 F.3d 1053, 1054 (8th Cir. 2006) (standard of review).

Section 4B1.2(a) defines a "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." Once again, we must determine whether an offense falls within this residual "otherwise involves" clause, using the Supreme Court's categorical approach that considers the elements of the offense and the judicial record, without looking at the facts supporting the underlying conviction. <u>See</u> <u>United States v. Parks</u>, 561 F.3d 795, 797 (8th Cir. 2009). Hudson's prior offense is the Missouri Class D felony of resisting arrest by fleeing "in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person." Mo. Rev. Stat. § 575.150.5. Hudson was charged with violating the statute by fleeing while operating a motor vehicle on city streets "at excessive speeds and failing to stop for signs." He pleaded guilty to this offense in state court.

Prior to two recent Supreme Court decisions, we applied § 4B1.2(a)(2) by determining whether the elements of the prior offense "involve conduct that necessarily presents a serious potential risk of physical injury to another." <u>United States v. McCall</u>, 439 F.3d 967, 971 (8th Cir. 2006) (en banc). Using this standard, we held that a felony conviction for resisting arrest "by using or threatening the use of violence or physical force or by fleeing from such officer" -- the 1998 version of Mo. Rev. Stat. § 575.150 -- was a crime of violence under § 4B1.2(a). <u>Hollis</u>, 447 F.3d at 1054-55. We construed the statute as limited to active resistance, not "non-

---

[2]Hudson's PSR originally calculated his base offense level under § 2K2.1(a)(2) but was amended after we held in <u>United States v. Williams</u>, 537 F.3d 969 (8th Cir. 2008), that his prior auto tampering convictions were not crimes of violence.

violent acts of passive protest, such as a 'sit-in' or 'lie-in.'" Id. at 1055. Similarly, in United States v. Kendrick, 423 F.3d 803, 809 (8th Cir. 2005), we held that an Oregon felony conviction for knowingly fleeing by motor vehicle when a police officer has given a signal to stop is a crime of violence. In both cases, we likened the degree of risk of physical injury posed by resisting arrest to that posed by felony escapes, which we previously categorized as crimes of violence. See Hollis, 447 F.3d at 1055; Kendrick, 423 F.3d at 809. As the elements of Mo. Rev. Stat. § 575.150.5, the current statute, expressly include fleeing in a dangerous manner, Hollis and Kendrick are controlling decisions unless, as Hudson vigorously contends, they were overruled by Begay v. United States, 128 S. Ct. 1581 (2008), or Chambers v. United States, 129 S. Ct. 687 (2009).

In Begay, the Court limited offenses that fall within the "otherwise involves" clause of 18 U.S.C. § 924 (e)(2)(B)(ii) to those "that are roughly similar, in kind as well as in degree of risk posed," to the enumerated crimes in that they "typically involve purposeful, 'violent,' and 'aggressive' conduct." 128 S. Ct. at 1585-86.[3] In Chambers, the Court held that at least one type of escape offense -- failure to report for penal confinement -- is not a violent felony because it involves conduct that neither presents a serious risk of physical injury nor is purposeful, violent, and aggressive. 129 S. Ct. at 691-92. Without question, these decisions altered the test for determining a crime of violence by adding the "purposeful, violent, and aggressive" component. Compare United States v. Wilson, 568 F.3d 670, 673 (8th Cir. 2009) (child abuse conviction under Mo. Rev. Stat. § 568.060.1(1) is a violent felony), with United States v. Gordon, 557 F.3d 623, 626 (8th Cir. 2009) (knowing child endangerment conviction under Mo. Rev. Stat. § 568.045.1(1) is not). The issue is whether Hudson's felony conviction for resisting arrest by fleeing in a dangerous manner nonetheless remains a crime of violence.

---

[3]We treat the term "crime of violence" under § 4B1.2(a) of the Guidelines the same as the term "violent felony" under § 924(e)(2)(B). Williams, 537 F.3d at 971.

-3-

The first half of the test under Begay and Chambers -- whether the offense "involves conduct that presents a serious potential risk of physical injury to another" -- is not in doubt. Under the Missouri statute, resisting arrest by fleeing is a felony only if the manner of flight "creates a substantial risk of serious physical injury or death to any person." Mo. Rev. Stat. § 575.150.5. Risk of injury is an element of the offense. Thus, Hudson properly concedes that the offense categorically involves a substantial risk of physical injury "in the ordinary case." James v. United States, 550 U.S. 192, 208 (2007). But he argues that the offense does not involve the purposeful, violent, and aggressive conduct required by Begay and Chambers.

Hudson argues the offense was not purposeful because the statute does not require an intent to kill or expose others to danger. We disagree. He was charged with actual knowledge that he was fleeing an officer "for the purpose of preventing the officer from effecting" an arrest, stop, or detention. Mo. Rev. Stat. § 575.150.1. Like three other circuits, we conclude that knowingly fleeing a police officer who is attempting to make an arrest is purposeful conduct that falls within the "otherwise involves" clause of § 4B1.2(a)(2) as construed in Begay. See United States v. Harrimon, 568 F.3d 531, 534 (5th Cir. 2009); United States v. West, 550 F.3d 952, 970-71 (10th Cir. 2008); United States v. Spells, 537 F.3d 743, 752 (7th Cir. 2008), cert. denied, 129 S. Ct. 2379 (2009); see also United States v. Roseboro, 551 F.3d 226, 240 (4th Cir. 2009) (remanding for determination whether failure-to-stop conviction involved intentional or unintentional conduct).

Resisting arrest by fleeing in a dangerous manner also involves violent and aggressive conduct. Resisting arrest by fleeing inevitably invites confrontation, as it "calls the officer to give chase, and . . . dares the officer to needlessly endanger himself in pursuit." Spells, 537 F.3d at 752; accord Harrimon, 568 F.3d at 534-35; West, 550 F.3d at 969; see also James, 550 U.S. at 204-05 (recognizing the risk of "violent confrontation" posed by attempted burglaries). Resisting arrest by fleeing *in a dangerous manner* involves more violent and aggressive conduct. This distinction

was critical to the decision in United States v. Harrison, 558 F.3d 1280, 1290-91 n.16, 1294-96 (11th Cir. 2009), which held that a Florida felony conviction for willful fleeing from a police officer by car, but without high speed or reckless conduct, was purposeful conduct that "is not sufficiently aggressive and violent" to be a violent felony, whereas a violation of the subsection making it a more serious felony to flee "at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons," would be a violent felony.

The decision in Chambers does not undermine this conclusion. Chambers did overrule our precedent that *all* escape offenses are crimes of violence, including failures to return or report to custody. But Chambers distinguished failure to report offenses from the "less passive, more aggressive behavior underlying an escape from custody." 129 S. Ct. at 691. Thus, Chambers leaves intact our precedent holding that escape from penal custody is a crime of violence. See Parks, 561 F.3d at 798. Unlike a person who fails to report, a person who resists arrest by fleeing in a dangerous manner undertakes affirmative conduct that jeopardizes his own and others' safety. Thus, Chambers leaves intact our prior decisions that resisting arrest, at least when it involves purposeful fleeing in a dangerous manner, is a crime of violence.

Hudson further argues that his Missouri offense is distinguishable from those at issue in Spells, West, and Harrimon because those statutes involved resisting arrest by fleeing in a motor vehicle. But the difference is not material. In the first place, reported Missouri decisions confirm the intuitive notion that, like Hudson's offense, violations of § 575.150.5 typically will involve conduct that created the requisite "substantial risk of serious physical injury or death" by fleeing in an automobile. See State v. Joos, 218 S.W.3d 543 (Mo. App. 2007); State v. Hunter, 179 S.W.3d 317 (Mo. App. 2005); State v. Shoults, 147 S.W.3d 163 (Mo. App. 2004). Moreover, while the statute can be violated without use of a motor vehicle, the "substantial risk of serious physical injury" element in § 575.150.5 requires proof of conduct that is, if anything, *more* aggressive and violent than the conduct proscribed by the statutes

-5-

at issue in <u>Spells</u>, <u>West</u>, and <u>Harrimon</u>.  <u>Compare</u> <u>United States v. Jennings</u>, 544 F.3d 815, 820 (7th Cir. 2008) (fleeing by operating a motor vehicle "in a manner that creates a substantial risk of bodily injury to another person"), <u>with</u> <u>Spells</u>, 537 F.3d at 752 (knowingly fleeing after being ordered to stop).

The judgment of the district court is affirmed.

_____