**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dorian W. RICHARDSON, Defendant–Appellant.**

**Nos. 08–1246, 09–1894.**

United States Court of Appeals, Eighth Circuit.

Submitted: July 8, 2009.

Filed: Sept. 23, 2009.

Robert G. Kuchar, Asst. Fed. Public Defender, Kansas City, MO (Raymond C. Conrad, Jr., Fed. Public Defender, on the brief), for appellant.

Philip M. Koppe, Brent B. Venneman, Asst. U.S. Attys., Kansas City, MO (Matt J. Whitworth, Acting U.S. Atty., on the brief), for appellee.

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

PER CURIAM.

In two separate cases, Dorian W. Richardson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In each case, he pleaded guilty pursuant to a plea agreement containing an appeal waiver. In each case, a separate sentencing judge [1] determined that a prior felony conviction for eluding police in violation of Kansas Statutes Annotated § 8–1568 was a qualifying "crime of violence" pursuant to U.S. Sentencing Guideline § § 4B1.2(a), resulting in enhanced Guideline ranges pursuant to § 2K2.1. Richardson ultimately received separate within-Guidelines-range sentences of 56 months' imprisonment, to be served concurrently.

---

1. The Honorable Scott O. Wright and The Honorable Fernando J. Gaitan, United States District Judges for the Western District of Missouri.

Subsequent to his sentencing, the Supreme Court issued its opinion in *Begay v. United States*, — U.S. ——, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), clarifying the test to be used in determining whether a prior felony conviction qualifies as predicate "violent felony" conviction pursuant to 18 U.S.C. § 924(e)(2)(B).[2] Relying on *Begay*, Richardson appeals arguing that his prior Kansas conviction for eluding police is not a crime of violence because it does not involve the type of purposeful conduct required to make a non-enumerated predicate offense similar in kind to the enumerated offenses. He also argues that his appeal waivers do not preclude him from asserting his *Begay*-related claim.

We need not address the appeal-waiver issue because, even assuming the waiver does not preclude the present appeal, Richardson is not entitled to relief. In *United States v. Hudson*, 577 F.3d 883 (8th Cir.2009), our court applied *Begay* and held that a felony conviction for "resisting or interfering with arrest" in violation of Missouri Revised Statutes § 575.150.1 qualified as "crime of violence" pursuant to § 4B1.2(a)(2). *Hudson*, 577 F.3d at 884. We held that, because the Missouri offense only rose to the level of a felony offense if there was "a substantial risk of serious physical injury or death to any persons," the substantial risk requirement of U.S.S.G. § 4B1.2(a)(2) was satisfied. *Id.* We further held that, "knowingly fleeing a police officer who is attempting to make an arrest is purposeful conduct that falls within the 'otherwise involves' clause of § 4B1.2(a)(2) as construed in *Begay*." *Id.*

We believe that *Hudson* controls in this instance given the similarity between the Missouri statute at issue in *Hudson* and the Kansas statute in Richardson's case. As with the Missouri statute in *Hudson*, Kansas Statutes Annotated § 8–1568 only rises to the level of a felony in the presence of one or more qualifying risk factors. *See* Kan. Stat. Ann. § 8–1568(b)(1)(A)–(E). Richardson, in fact, was convicted of a felony for "fleeing or attempting to elude a police officer" because he was involved in a high speed chase that resulted in a motor vehicle accident involving other vehicles. *Id.* § 8–1568(b)(1)(D) ("is involved in any motor vehicle accident . . ."). Looking specifically at subsection (b)(1)(D), the conduct criminalized by the Kansas statute "categorically involves a substantial risk of physical injury 'in the ordinary case.'" *Hudson*, 577 F.3d at 884 (quoting *James v. United States*, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007)). Accordingly, the "serious risk" requirement of § 4B1.2(a)(2) is satisfied.

Further, as with the Missouri statute, the conduct criminalized by the Kansas statute includes "flee[ing] or attempt[ing] to elude a pursuing police vehicle." Kan. Stat. Ann. § 8–1568(a). Our holding that "knowingly fleeing a police officer who is attempting to make an arrest is purposeful conduct that falls within the 'otherwise involves' clause of § 4B1.2(a)(2)" is, therefore, directly applicable, and Richardson's prior conviction is for an offense that qualifies as a "crime of violence." *Hudson*, 577 F.3d at 884.

In light of our present holding, all pending motions in these consolidated appeals are denied as moot, and we affirm the judgments of the district court.

---

**2.** We have interpreted *Begay* as applicable in the context of U.S.S.G. §§ 2K2.1(a) and 4B1.2(a) regarding the determination of whether a prior felony conviction qualifies as predicate "crime of violence." *See United States v. Williams*, 537 F.3d 969, 971 (8th Cir.2008).