# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-1246 / 09-1894

_____

United States of America,            *
                                     *

      Plaintiff - Appellee,     *
                                     *     Appeals from the United States

   v.                          *     District Court for the Western
                                   *     District of Missouri.

Dorian W. Richardson,        *

                                   *     [PUBLISHED]

      Defendant - Appellant.    *

_____

Submitted: July 8, 2009
Filed: September 23, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In two separate cases, Dorian W. Richardson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In each case, he pleaded guilty pursuant to a plea agreement containing an appeal waiver. In each case, a separate sentencing judge[1] determined that a prior felony conviction for eluding police in violation of Kansas Statutes Annotated § 8-1568 was a qualifying "crime of violence" pursuant to U.S. Sentencing Guideline §§ 4B1.2(a), resulting in enhanced Guideline ranges pursuant to § 2K2.1. Richardson ultimately received separate

_____

[1]The Honorable Scott O. Wright and The Honorable Fernando J. Gaitan, United States District Judges for the Western District of Missouri.

within-Guidelines-range sentences of 56 months' imprisonment, to be served concurrently.

Subsequent to his sentencing, the Supreme Court issued its opinion in <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008), clarifying the test to be used in determining whether a prior felony conviction qualifies as predicate "violent felony" conviction pursuant to 18 U.S.C. § 924(e)(2)(B).[2] Relying on <u>Begay</u>, Richardson appeals arguing that his prior Kansas conviction for eluding police is not a crime of violence because it does not involve the type of purposeful conduct required to make a non-enumerated predicate offense similar in kind to the enumerated offenses. He also argues that his appeal waivers do not preclude him from asserting his <u>Begay</u>-related claim.

We need not address the appeal-waiver issue because, even assuming the waiver does not preclude the present appeal, Richardson is not entitled to relief. In <u>United States v. Hudson</u>, ___ F.3d ___, No. 08-3240, 2009 WL 2525581 (8th Cir. August 20, 2009), our court applied <u>Begay</u> and held that a felony conviction for "resisting or interfering with arrest" in violation of Missouri Revised Statutes § 575.150.1 qualified as "crime of violence" pursuant to § 4B1.2(a)(2). <u>Hudson</u>, 2009 WL 2525581 at *2. We held that, because the Missouri offense only rose to the level of a felony offense if there was "a substantial risk of serious physical injury or death to any persons," the substantial risk requirement of U.S.S.G. § 4B1.2(a)(2) was satisfied. <u>Id.</u> We further held that, "knowingly fleeing a police officer who is attempting to make an arrest is purposeful conduct that falls within the 'otherwise involves' clause of § 4B1.2(a)(2) as construed in <u>Begay</u>." <u>Id.</u>

---

[2]We have interpreted <u>Begay</u> as applicable in the context of U.S.S.G. §§ 2K2.1(a) and 4B1.2(a) regarding the determination of whether a prior felony conviction qualifies as predicate "crime of violence." <u>See</u> <u>United States v. Williams</u>, 537 F.3d 969, 971 (8th Cir. 2008).

We believe that <u>Hudson</u> controls in this instance given the similarity between the Missouri statute at issue in <u>Hudson</u> and the Kansas statute in Richardson's case. As with the Missouri statute in <u>Hudson</u>, Kansas Statutes Annotated § 8-1568 only rises to the level of a felony in the presence of one or more qualifying risk factors. <u>See</u> Kan. Stat. Ann. § 08-1568 (b)(1)(A)-(E). Richardson, in fact, was convicted of a felony for "fleeing or attempting to elude a police officer" because he was involved in a high speed chase that resulted in a motor vehicle accident involving other vehicles. <u>Id.</u> § 08-1568(b)(1)(D) ("is involved in any motor vehicle accident . . ."). Looking specifically at subsection (b)(1)(D), the conduct criminalized by the Kansas statute "categorically involves a substantial risk of physical injury 'in the ordinary case.'" <u>Hudson</u>, 2009 WL 2525581 at *2 (quoting <u>James v. United States</u>, 550 U.S. 192, 208 (2007)). Accordingly, the "serious risk" requirement of § 4B1.2(a)(2) is satisfied.

Further, as with the Missouri statute, the conduct criminalized by the Kansas statute includes "flee[ing] or attempt[ing] to elude a pursuing police vehicle." Kan. Stat. Ann. § 8-1568 (a). Our holding that "knowingly fleeing a police officer who is attempting to make an arrest is purposeful conduct that falls within the 'otherwise involves' clause of § 4B1.2(a)(2)" is, therefore, directly applicable, and Richardson's prior conviction is for an offense that qualifies as a "crime of violence." <u>Hudson</u>, 2009 WL 2525581 at *2.

In light of our present holding, all pending motions in these consolidated appeals are denied as moot, and we affirm the judgments of the district court.

_____