# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3866

———————

United States of America,      *

       Appellee,      *

    *    Appeal from the United States

    v.      *    District Court for the

    *    Eastern District of Arkansas.

Keldron L. Carlton,      *

    *    [UNPUBLISHED]

       Appellant.      *

———————

Submitted: June 18, 2010
Filed: July 20, 2010

———————

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.

After Keldron L. Carlton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] found that he had three violent felonies within the meaning of the Armed Career Criminal Act (ACCA), and sentenced him to the ACCA's mandatory minimum of 180 months in prison. In this appeal, Carlton argues that (1) his Arkansas felony conviction for fleeing was not a violent felony as defined under the ACCA; (2) his two burglary convictions should not have been counted as separate offenses for purposes of the ACCA, because they

———————

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

occurred during one episode and were not interrupted by an intervening arrest; and (3) his counsel was ineffective. For the following reasons, we affirm.

First, Carlton's fleeing conviction is a "violent felony" under the ACCA. He was convicted under an Arkansas statute that makes it a felony to flee from a law enforcement officer by means of any vehicle or conveyance directly resulting in serious physical injury to any person. This conduct presents a serious potential risk of physical injury, is purposeful, and is necessarily and typically aggressive and violent. See United States v. Richardson, 581 F.3d 824, 824-25 (8th Cir. 2009) (per curiam) (Kansas statute making it felony to be involved in motor vehicle accident when fleeing or attempting to elude police is "crime of violence" pursuant to U.S.S.G. § 4B1.2(a); statute categorically involves substantial risk of physical injury in ordinary case and is purposeful conduct that falls within "otherwise" clause of § 4B1.2(a)), cert. denied, 130 S. Ct. 1538 (2010); United States v. Hudson, 577 F.3d 883, 884-87 (8th Cir. 2009) (Missouri statute making it felony to resist arrest by fleeing in such manner as to create substantial risk of serious physical injury or death to any person is "crime of violence" under § 4B1.2(a); conduct involves serious potential risk of injury to another, is purposeful, and involves violent and aggressive conduct), cert. denied, 130 S. Ct. 1310 (2010); see also United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008) (Eighth Circuit has never recognized distinction between "crime of violence" and "violent felony").

Second, the two burglary convictions were properly counted separately under the ACCA, because they were committed months apart. See United States v. Mason, 440 F.3d 1056, 1057-58 (8th Cir. 2006) (criminal episodes underlying convictions trigger ACCA). Finally, the ineffective-assistance claim should be raised in 28 U.S.C. § 2255 proceedings, not in this direct criminal appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). Accordingly, we affirm.

_____