**UNITED STATES of America**

**v.**

**Shalen THOMAS, a/k/a Dontae Thomas, a/k/a Dontae Baskins Shalen Thomas, Appellant.**

**No. 10–2170.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 23, 2011.

Filed: June 23, 2011.

118

Robert L. Eberhardt, Esq., Rebecca R. Haywood, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Candace Cain, Esq., Linda E.J. Cohn, Esq., Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before: HARDIMAN, GREENBERG, Circuit Judges and POLLAK,* District Judge.

## OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Shalen Thomas appeals his judgment of sentence following a guilty plea. He asks us to revisit whether a prior conviction under Pennsylvania's misdemeanor resisting arrest statute, 18 PA. CONS.STAT. ANN. § 5104, qualifies as a "crime of violence" under the United States Sentencing Guidelines (USSG), in light the Supreme Court's holding in *Johnson v. United States,* —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Because we find that *Johnson* does not change our previous holding that resisting arrest in Pennsylvania is a crime of violence, *United States v. Stinson,* 592 F.3d 460, 466 (3d Cir.2010), and because the sentence imposed was procedurally and substantively reasonable, we will affirm.

I

We write for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

In July 2009, Thomas pleaded guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). At sentencing, the District Court set his base offense level at 24 because Thomas had committed the unlawful firearm possession offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). Before pleading guilty in this case, Thomas had been convicted in state court of possession and possession with intent to deliver her-

* The Honorable Louis H. Pollak, Senior Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

oin and cocaine, a controlled substance offense. He had also been convicted in state court of resisting arrest, which the District Court found to be a crime of violence. Although Thomas acknowledged the controlled substance offense, he argued that because resisting arrest was not a crime of violence, his base offense level should have been 20 under USSG § 2K2.1(a)(4)(A). The District Court rejected Thomas's argument and, after further adjustments not relevant on appeal, calculated his final offense level as 23 and his criminal history category as V, resulting in a Guidelines range of 84–105 months imprisonment. Had Thomas prevailed in his objection, his final offense level would have been 19, resulting in a Guidelines range of 57–71 months. After considering Thomas's motions for departures and variances, which it denied, the District Court sentenced Thomas to 105 months imprisonment and three years of supervised release.

## II

Thomas now appeals the District Court's denial of his objection to the calculation of his base offense level, as well as the procedural and substantive reasonableness of his sentence.

We review sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness. *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir.2008). We review a district court's legal interpretation of the Guidelines *de novo*. *United States v. Grier*, 475 F.3d 556, 561–68 (3d Cir.2007) (en banc). "If [an] asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous." *Wise*, 515 F.3d at 217. In evaluating a challenge to the substantive reasonable-

ness of a sentence, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir.2009) (en banc).

### A

■ Pennsylvania's resisting arrest statute can be violated in the following two ways:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person [1] creates a substantial risk of bodily injury to the public servant or anyone else, or [2] employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104.

Under the Guidelines, a base offense level of 24 should be applied when sentencing a defendant for an unlawful firearms possession offense "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). "Crime of violence" is defined as

> . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

This definition is substantially similar to the definition of "violent felony" under the Armed Career Criminal Act (ACCA), and "authority interpreting one is generally applied to the other." *United States v. Hopkins,* 577 F.3d 507, 511 (3d Cir.2009).

In *United States v. Stinson,* we held that a conviction for resisting arrest under 18 Pa.C.S. § 5104 qualified as a crime of violence. 592 F.3d at 464–66. *Stinson* held that both means of violating the statute—"[1] creat[ing] a substantial risk of bodily injury to the public servant or anyone else, or [2] employ[ing] means justifying or requiring substantial force to overcome the resistance"—fit within the second clause of the definition, known as the "residual clause," because the statute did not cover passive resistance and criminalized only "purposeful, violent, and aggressive" acts that presented a serious potential risk of physical injury to another. *Id.* (quoting *Begay v. United States,* 553 U.S. 137, 144, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)).

Shortly after Thomas was sentenced, the United States Supreme Court decided *Johnson v. United States,* which held that a conviction for simple battery in Florida was not a violent felony for purposes of ACCA because the phrase "physical force" in the first clause of ACCA's definition means *"violent* force—that is force capable of causing physical pain or injury to another person." *Johnson v. United States,* —— U.S. ——, 130 S.Ct. 1265, 1271, 176 L.Ed.2d 1 (2010) (emphasis in original). Thomas argues that a conviction for resisting arrest in Pennsylvania no longer qualifies as a crime of violence, because § 5104 also does not require that the defendant have used violent force.

Thomas's argument fails because our holding in *Stinson* was not that a conviction under § 5104 fulfilled the first clause of the definition of "crime of violence," but

rather that it fulfilled the residual clause, in which the phrase "physical force" does not appear. *Johnson* held only that the Florida battery statute in question did not describe a violent felony under ACCA's first clause, because the Government had disclaimed any reliance on the residual clause in that case. *Id.* at 1274. Nor can we assume, as Thomas urges, that because the Guidelines' definition is directed at classifying crimes of violence, it must include violent force as an element; the presence of the phrase "physical force" in the first clause and its absence in the residual clause are significant. *See Leocal v. Ashcroft,* 543 U.S. 1, 10 n. 7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) (explaining that physical force *is* required to fulfill the residual clause of a different definition of crime of violence—18 U.S.C. § 16(b), which encompasses conduct "that, by its nature, involves a substantial *risk that physical force* against the person or property of another may be used"—and distinguishing it from the Guidelines' residual clause which does not mention physical force) (emphasis added).

For these reasons, the District Court did not err in finding that Thomas's previous conviction for resisting arrest qualified as a crime of violence under the Guidelines, or in calculating his base offense level accordingly.

### B

Thomas also argues that his sentence was procedurally and substantively unreasonable. We disagree.

◼ The only procedural defect Thomas alleges is that the District Court failed to address his request for a downward variance to avoid an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6). Specifically, he argues that similar convictions for resisting arrest in other states would

likely not have counted as crimes of violence, resulting in a different base offense level and sentence for a defendant with a similar criminal history in a different state. First, we note that various states classify, define, and punish resisting arrest differently, Pennsylvania is not alone in doing so in a way that qualifies it as a crime of violence. *See United States v. Jenkins*, 631 F.3d 680, 684–85 (4th Cir.2011) (holding that resisting arrest in Maryland is a crime of violence under the Guidelines' residual clause); *United States v. Almenas*, 553 F.3d 27, 32–35 (1st Cir.2009) (holding same in Massachusetts); *United States v. Hudson*, 577 F.3d 883, 886 (8th Cir.2009) (holding same for resisting arrest by fleeing in a dangerous manner in Missouri); *see also* N.J. STAT. ANN. § 2C:29–2 (defining resisting arrest in New Jersey in terms that closely track USSG § 4B1.2(a)). Second, while the District Court did not explicitly state that it was addressing Thomas's motion for a variance on the basis of 18 U.S.C. § 3553(a)(6), it did address his general request for a variance under 18 U.S.C. § 3553(a). Furthermore, the Court adequately explained—in both the written tentative findings adopted at sentencing, and orally at sentencing—why Thomas's resisting arrest conviction counted as a crime of violence and why his specific history made it particularly appropriate, so it cannot be said that the District Court did not consider whether any disparity was unwarranted.

■ Likewise, to the extent that Thomas's argument that his sentence was substantively unreasonable relies on the supposedly unwarranted disparity, it also fails. Nor can we find that the sentence as a whole was substantively unreasonable, considering the totality of the § 3553(a) factors as viewed by the District Court. *See Grier*, 475 F.3d at 571 ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).") As the District Court found, a sentence at the top of the Guidelines range was warranted given the nature and circumstances of the offense and Thomas's criminal history. The District Court reasonably understood the offense of conviction as a recent chapter in an escalating criminal history that already included convictions for illegally possessing firearms, possessing controlled substances, and aggravated assault.

Accordingly, the District Court did not err procedurally or substantively in imposing Thomas's sentence.

### III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.