# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3156

_____

United States of America,

        Plaintiff - Appellee,

v.

Reginald Lamar,

        Defendant - Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 13, 2011
Filed: June 30, 2011

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Reginald Lamar pled guilty to being a felon in possession of a firearm. After concluding that Lamar had previously committed three violent felonies as defined by 18 U.S.C. § 924(e), the district court[1] sentenced him to the statute's 180 month mandatory minimum prison term followed by five years of supervised release. Lamar argues on appeal that the district court erred by treating his previous conviction for resisting arrest as a violent felony. We affirm.

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Because of several prior felony convictions, Lamar was prohibited by federal law from possessing a firearm at the time Kansas City police arrested him in December 2009. Officers found a handgun in Lamar's car and matching ammunition in his pocket. He pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

At sentencing the district court determined that Lamar had three prior convictions for violent felonies. Section 924(e)(2)(B)(ii) lists specific crimes that constitute violent felonies. It also includes a residual clause that encompasses crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." Id. A felon in possession of a firearm who has committed three previous violent felonies faces an increased mandatory minimum prison term of 180 months. See id. § 924(e)(1). Lamar did not dispute that two of his prior convictions were specifically listed violent felonies, but he did dispute the district court's conclusion that his conviction for resisting arrest by "fleeing in such a manner that [he] create[d] a substantial risk of serious physical injury or death to any person," Mo. Rev. Stat. § 575.150.5, fell within the residual clause.

Lamar argues that the district court erred by concluding that his conviction under Mo. Rev. Stat. § 575.150.5 was a violent felony. Primarily relying on Begay v. United States, 553 U.S. 137 (2008), Lamar argues that the Missouri statute did not require that he knowingly created a risk of injury by fleeing and that his conduct was not purposeful, violent, and aggressive enough to fall within the residual clause.

We review de novo the district court's determination that his conviction for resisting arrest was a violent felony. United States v. Hudson, 577 F.3d 883, 884 (8th Cir. 2009). We previously held in Hudson that the portion of Mo. Rev. Stat. §

575.150.5 at issue in this case describes a violent felony,[2] but the question has since been authoritatively decided by the Supreme Court in Sykes v. United States, 564 U.S. ----, 2011 WL 2224437. In Sykes, the Court held that a driver of a vehicle who knowingly or intentionally flees from a law enforcement officer commits a violent felony even though in the statute at issue, as here, there was no mens rea requirement related to the risk of injury. Id. at *8-9. That statute did not require proof of a risk of injury unlike the Missouri law Lamar violated. Id. at *3-4.

Since Lamar committed a violent felony by fleeing the police and creating a risk of serious injury to others, the judgment of the district court is affirmed.

_____

---

[2] Hudson addressed the definition of "crime of violence" in United States Sentencing Guidelines § 4B1.2, rather than "violent felony" in § 924(e), but the terms are interchangeable. 577 F.3d at 885 n.3.