# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3055

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kevin N. Thomas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 29, 2008
Filed: November 28, 2008

_____

Before WOLLMAN, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Kevin Thomas was convicted of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and of one count of possessing a firearm with an obliterated serial number, a violation of 18 U.S.C. §§ 922(k) and 922 (a)(1)(B). Thomas was given consecutive sentences of 120 months' imprisonment on the felon-in-possession charge and 48 months' imprisonment on the obliterated serial number charge. In imposing sentence, the district court found that Thomas's 1991 Missouri state first-degree tampering conviction, based upon his unlawful operation of a motor vehicle without the owner's consent, constituted a crime of violence within the meaning of United States Sentencing Guidelines § 4B1.2. See United States v. Thomas, 484 F.3d 542 (8th Cir. 2007).

Following our affirmance of Thomas's conviction, the United States Supreme Court granted Thomas's petition for certiorari, vacated our judgment, and remanded the case to us for reconsideration in light of <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008).  <u>See Thomas v. United States</u>, 128 S. Ct. 2046 (2008).

We recently held that the Missouri crime of tampering does not qualify as a "crime of violence" for purposes of U.S. Sentencing Guideline § 2K2.1(a)(2), <u>United States v. Williams</u>, 537 F.3d 969, 974-75 (8th Cir. 2008), a term we recognize as synonymous with the term "violent felony" for purposes of the Armed Career Criminal Act, <u>see</u> <u>United States v. Johnson</u>, 417 F.3d 990, 996 (8th Cir. 2007) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'").

Based on the holding in <u>Williams</u>, we vacate Thomas's sentence and remand the case to the district court for resentencing.

_____