# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2347

_____

United States of America,               *
                                            *

        Appellee,           *   Appeal from the United States
                                            *   District Court for the
     v.                      *   Western District of Missouri.
                                              *

Randy Dabney,                 *   [UNPUBLISHED]
                                            *

        Appellant.         *

_____

Submitted: June 7, 2007
Filed: December 1, 2008

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Randy Dabney challenges the district court's determination that his prior Missouri conviction for stealing a truck is a "violent felony" within the meaning of 18 U.S.C. § 924(e). We review de novo the district court's determination that a prior conviction is a qualifying "violent felony." See United States v. Davidson, 527 F.3d 703, 707 (8th Cir. 2008).

While this case was pending on appeal, the United States Supreme Court issued its decision in Begay v. United States, 128 S. Ct. 1581, 1583, 1585-86 (2008) (to be "violent felony" under § 924(e)(2)(B)(ii), crime must be "roughly similar, in kind as well as in degree of risk posed," to examples listed in statute; listed crimes all

typically involve purposeful, violent, and aggressive conduct).  Following <u>Begay</u>, we re-examined whether auto theft should be considered a "crime of violence."  <u>See</u> <u>United States v. Williams</u>, 537 F.3d 969, 971, 973-76 (8th Cir. 2008) (this court has never recognized distinction between "crime of violence" and "violent felony"; analyzing Missouri auto-theft law in light of <u>Begay</u>).  After noting that the relevant Missouri statute sets forth three distinct offenses (auto theft without consent, auto theft by deceit, and auto theft by coercion), <u>see</u> Mo. Rev. Stat. § 570.030, we concluded that only auto theft by coercion satisfied <u>Begay</u>'s requirements and qualified as a "crime of violence," <u>see</u> <u>Williams</u>, 537 F.3d at 973-976.  Therefore, Dabney's prior conviction for stealing a truck is a "violent felony" only if he committed the offense of auto theft by coercion.

In determining whether Dabney committed auto theft by coercion, our inquiry is restricted to examining a "limited universe of judicial documents."  <u>See</u> <u>United States v. Reliford</u>, 471 F.3d 913, 916 (8th Cir. 2006) (when offense is eligible for "violent felony" classification but state criminal statute is over-inclusive--that is, elements of offense also encompass conduct that does not constitute "violent felony"--court must consider facts underlying conviction; inquiry is conducted by examining limited universe of judicial documents), <u>cert. denied</u>, 127 S. Ct. 2248 (2007); <u>see also</u> <u>Shepard v. United States</u>, 544 U.S. 13, 26 (2005) (inquiry is limited to terms of charging document, terms of plea agreement or transcript of colloquy, or some comparable judicial record of this information).

Because we cannot determine from the present record whether Dabney committed auto theft by coercion, we vacate the sentence and remand for resentencing.  <u>See</u> <u>Williams</u>, 537 F.3d at 973 (instructing district court, after considering materials permissible under <u>Shepard</u>, to determine which auto-theft offense appellant committed).

_____