# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2134

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | On Remand from the |
| v. | * | United States Supreme Court. |
| | * | |
| William McCoy, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted:  May 28, 2008
Filed:  March 3, 2009

_____

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

This case is before us on a remand from the Supreme Court vacating the judgment previously entered in this case and directing reconsideration in light of Begay v. United States, 128 S.Ct. 1581 (2008).

William McCoy pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced him under the Armed Career Criminal Act.  See 18 U.S.C. § 924(e)(1) (defendant who violates § 922(g)(1) and has three prior convictions for violent felonies is subject to 15 year minimum sentence).  Two of the convictions relied upon for enhanced sentencing were auto tampering convictions under Missouri law.  On appeal we

agreed that these offenses were violent felonies under our circuit precedent, e.g., United States v. Johnson, 417 F.3d 990, 997 (8th Cir. 2005), and affirmed the judgment. Subsequently the Supreme Court decided Begay in which it held that the New Mexico offense of driving under the influence was not a violent felony for purposes of the Armed Career Criminal Act because the crime as defined did not resemble the example crimes in the Act, all of which involved purposeful, violent, and aggressive conduct. 128 S.Ct. at 1584, 1586-87.

Based on a similar analysis we have more recently concluded that the Missouri crime of auto tampering is not a "crime of violence" for purposes of United States Sentencing Guidelines § 2K2.1(a)(2), United States v. Williams, 537 F.3d 969, 974-75 (8th Cir. 2008), and likewise not a "violent felony" for purposes of the Armed Career Criminal Act, United States v. Thomas, 2008 WL 5047114 *1 (8th Cir. 2008), reh'g en banc denied (Feb. 20, 2009). We therefore conclude that McCoy cannot be sentenced as an armed career offender.

Accordingly, we vacate the judgment and remand to the district court for resentencing.

_____