# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1829

_____

United States of America,                    *
                                             *
    Plaintiff - Appellant,                   *
                                             *   Appeal from the United States
v.                                           *   District Court for the
                                             *   Eastern District of Missouri.
Michael D. Owens,                            *
                                             *
    Defendant - Appellee.                    *

_____

Submitted: December 18, 2009
Filed:   March 1, 2010

_____

Before LOKEN, Chief Judge, BENTON, Circuit Judge, and VIKEN,[*] District Judge.

_____

LOKEN, Chief Judge.

Michael D. Owens pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). An issue at sentencing was whether Owens was a career offender because he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In the plea agreement, the parties agreed that a prior drug conviction was a qualifying drug offense but disagreed whether a prior second-degree burglary conviction was a qualifying crime of violence.

---

[*]The HONORABLE JEFFREY L. VIKEN, United States District Judge for the District of South Dakota, sitting by designation.

The presentence investigation report (PSR) concluded that Owens was a career offender, resulting in an advisory guidelines sentencing range of 188 to 235 months in prison. Owens objected, arguing that his second-degree burglary conviction was not a crime of violence because it was not burglary "of a dwelling" for purposes of U.S.S.G. § 4B1.2(a)(2). The district court[1] found that Owens was not a career offender but determined an advisory guidelines range of 188 to 235 months, consistent with a career offender finding. The court granted a downward departure and variance and sentenced Owens to 76 months in prison. The government appeals raising a single issue -- whether the district court "err[ed] when it found that Owens' prior Missouri state conviction for burglary of a commercial building was not a 'crime of violence.'" Concluding that the court committed no procedural error under Gall v. United States, 552 U.S. 38, 51 (2007), we affirm.

"Generic" burglaries as defined in Taylor v. United States, 495 U.S. 575, 598-99 (1990), include burglaries of non-residential buildings. We have consistently held that those burglaries qualify as crimes of violence under the frequently litigated "otherwise involves" clause of § 4B1.2(a)(2). See, e.g., United States v. Cantrell, 530 F.3d 684, 694-96 (8th Cir. 2008). Owens did not object to the PSR's statement that he was convicted of burgling a stereo store,[2] only to the legal issue whether burglary of a commercial building is a crime of violence under § 4B1.2(a)(2). He argued that the Supreme Court's recent decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 129 S. Ct. 687 (2009), require us to revisit our prior decisions resolving this issue.

---

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.

[2]See United States v. Stymiest, 581 F.3d 759, 768 (8th Cir. 2009). This is an important fact. Owens was convicted of violating a Missouri statute that is broader than "generic" burglary as defined in Taylor because it includes unlawful entry into "inhabitable structure[s]" such as ships, airplanes, and vehicles. See MO. REV. STAT. §§ 569.010(2), 569.170; State v. Pulis, 822 S.W.2d 541, 544-45 (Mo. App. 1992).

At the sentencing hearing, the district court stated its disagreement with our controlling decisions on the non-residential burglary issue, and its hope that <u>Begay</u> and <u>Chambers</u> would cause us to reconsider. Acknowledging that our decisions were controlling, the court stated, "I'm going to sentence him as a career offender" but further stated, "if the career offender consideration were not in effect, the court would sentence Mr. Owens to 76 months." After further discussion, the court considered but rejected the option of imposing alternative sentences and stated, "The Court finding that the Eighth Circuit would find Mr. Owens to be a career criminal . . . the Court is going to sentence you to 120 months," a sentence well below the career offender advisory range of 188 to 235 months.

Defense counsel then noted that the plea agreement preserved both parties' right to appeal sentencing issues, including "career offender status," but Owens waived his right to appeal "if the District Court finds the defendant to be a career offender and orders a sentence below the applicable guidelines range." Explaining that it did not wish to preclude an appeal of the issue, the court replied, "so I would be then back with the situation . . . I indicated I would sentence him to before, the 76 months to give him the right to appeal." The prosecutor immediately asked, "So are you not finding him to be a career offender then?" After further discussion focused on the court's desire to have the issue reviewed on appeal, the court confirmed: "it's 76 months. The Court is finding that you are not a career criminal."

The court did not determine the advisory guidelines range at the sentencing hearing, although the colloquy made clear the court believed both 76 months and 120 months included downward departures and variances. The court's written statement of reasons explicitly addressed these issues. Consistent with its oral pronouncements, the court found that Owens's "Second Degree Burglary conviction . . . is not a crime of violence . . . [and] that the defendant did not qualify as a Career Offender." However, the statement of reasons also recited that the advisory guidelines range was 188 to 235 months, precisely the range recommended in the PSR based upon a career

offender finding. The statement of reasons further granted Owens a downward departure because of an overstated criminal history, and a downward variance based on the sentencing disparity between cocaine base and cocaine powder offenses. The court "found that a sentence of 76 months was sufficient but not greater tha[n] necessary to meet the sentencing objectives" identified in 18 U.S.C. § 3553(a).

On appeal, the government argues the district court erred in finding Owens not to be a career offender. The underlying career offender issue has now been resolved, at least in this circuit, by our recent decisions that Begay and Chambers did not affect the validity of prior cases classifying non-residential generic burglaries as crimes of violence under § 4B1.2(a). See Stymiest, 581 F.3d at 768-69. Consequently, Owens has "at least two prior felony convictions of either a crime of violence or a controlled substance offense" and is a career offender. U.S.S.G. § 4B1.1(a). But the issue on appeal is whether the district court committed sentencing error. The government does not argue that the 76-month sentence is substantively unreasonable, so its contention is, necessarily, that the court committed procedural error, defined in Gall as including:

> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.

552 U.S. at 51; see United States v. Feemster, 572 F.3d 455, 460-61 (8th Cir. 2009) (en banc). The government briefed the commercial burglary issue at great length. But its brief never identified the district court's procedural error, except to assert in an introductory paragraph that the sentence "was based on an erroneous application of the Guidelines" because the court "disregarded the applicability of the Career Offender provision."

-4-

We conclude this is a distorted portrayal of the sentencing record. The district court plainly did not "disregard the applicability of the Career Offender provision." Its statement of reasons determined an advisory guidelines range of 188 to 235 months, consistent with Owens being a career offender. Thus, the court did not improperly calculate the guidelines range. Nor did it improperly treat the Guidelines as mandatory, nor fail to consider the § 3553(a) factors, nor fail to adequately explain the chosen sentence including the reasons for its deviation from the advisory range. The one procedural error identified in <u>Gall</u> that was arguably present -- selecting a sentence based on a clearly erroneous career offender finding -- is not argued by the government. Nor would that assertion fairly reflect the sentencing hearing colloquy. The court believed that Owens *should not be* sentenced as a career offender. That is not error. Indeed, it is a valid basis for a downward departure and variance. The court wanted to preserve both parties' right to appeal the career offender issue -- no error there. It was pushed into making a career offender finding by the plea agreement's one-sided appeal waiver, and by the government's repeated demand for an explicit finding. As that finding did not cause the court to misapply the advisory Guidelines, but was a legitimate consideration in determining a downward variance, we conclude there was no procedural error.

Because the government does not challenge the substantive reasonableness of Owens's sentence, our conclusion that the district court committed no procedural error resolves the appeal. Accordingly, the judgment of the district court is affirmed.

_____