# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2282

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kevin N. Thomas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 11, 2010
Filed: March 24, 2010

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

On remand for resentencing, Kevin Thomas was sentenced to 110 months' imprisonment. He appeals, arguing that the district court[1] erred in determining that his state burglary conviction constituted a crime of violence within the meaning of U.S. Sentencing Guideline Manual § 4B1.2. We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Thomas was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 922(a)(1)(B).  Thomas was sentenced to 120 months' imprisonment on the felon-in-possession charge and 48 months' imprisonment on the obliterated serial number charge.  The sentences were ordered to run consecutively, resulting in a 168-month term of imprisonment.  In calculating the sentence, the district court concluded that Thomas had two convictions that constituted crimes of violence under guideline § 4B1.2:  (1) a 1991 Missouri state first-degree tampering conviction, based upon his unlawful operation of a motor vehicle without the owner's consent, and (2) a 1993 Missouri state second-degree burglary conviction, based upon his burglary of a school.  See United States v. Thomas, 484 F.3d 542, 545 (8th Cir. 2007).

After his sentence had been affirmed, the United States Supreme Court granted Thomas's petition for certiorari, vacated our judgment, and remanded the case to us for reconsideration in light of Begay v. United States, 553 U.S. 137 (2008).  Thomas v. United States, 128 S. Ct. 2046 (2008).  We vacated Thomas's sentence and remanded the case to the district court for resentencing in light of United States v. Williams, 537 F.3d 969, 974-75 (8th Cir. 2008), which held that the Missouri crime of tampering does not qualify as a crime of violence for purposes of guideline § 2K2.1(a)(2).  United States v. Thomas, 300 Fed. Appx. 447 (8th Cir. 2008) (unpublished per curiam).

On remand, the district court recalculated Thomas's sentencing range, reducing the total offense level by four, based on one felony conviction of a crime of violence. Compare U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (base offense level of 24 for two felony convictions of crimes of violence) with § 2K2.1(a)(4) (base offense level of 20 for one felony conviction of a crime of violence).  See generally § 2K2.1 cmt. n.1 ("'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.").  The recalculated advisory

guideline sentencing range for the felon-in-possession charge was 110 to 137 months' imprisonment, and the sentencing range on the obliterated serial number charge remained 48 months' imprisonment. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court determined that a sentence of 110 months' imprisonment was sufficient but not greater than necessary to comply with the purposes of the statute, the nature and circumstances of the offense, and the history and characteristics of the defendant. The district court ordered the sentences to run concurrently, thus resulting in a 110-month term of imprisonment. During the sentencing hearing, Thomas objected to the base offense level calculation because it included his state burglary conviction as a crime of violence.

Thomas raises the same issue on appeal, but the scope of our remand was limited to permit resentencing in light of our holding that tampering does not qualify as a crime of violence. See United States v. Walterman, 408 F.3d 1084, 1085 (8th Cir. 2005) ("Where a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration."). Even if we reached the merits of the appeal, Thomas's argument fails because burglary of a nonresidential building constitutes a crime of violence. See United States v. Oman, 427 F.3d 1070, 1076-77 (8th Cir. 2005) (holding that the crime of aiding and abetting the burglary of a nonresidential building was a crime of violence under guideline § 4B1.2(a)); see also United States v. Owens, No. 09-1829, WL 681307, at *1 (8th Cir. March 1, 2010) (noting that generic burglaries include burglaries of non-residential buildings and that we have consistently held that those burglaries qualify as crimes of violence under the "otherwise involves" clause of § 4B1.2(a)(2)); United States v. Cantrell, 530 F.3d 684, 694-96 (8th Cir. 2008) (holding that defendant's conviction under Missouri state law for second-degree burglary constituted a crime of violence under the "otherwise involves" clause of § 4B1.2(a)).

The sentence is affirmed.

_____