# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3110

_____

United States of America

*Plaintiff - Appellee*

v.

Jody Lynn Hughlette

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 25, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jody Lynn Hughlette appeals her below-Guidelines-range 262-month sentence for conspiracy to distribute methamphetamine, arguing that the district court[1]

_____

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

improperly utilized career-offender criteria when calculating her sentence. We affirm.

Hughlette pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The presentence investigation report suggested Hughlette was a career offender under United States Sentencing Commission, Guidelines Manual, § 4B1.1(b), in light of prior felony convictions but calculated her adjusted offense level at 42—higher than the career offender offense level of 37. Hughlette and the government negotiated an adjusted offense level of 38 based on USSG § 2D1.1. The district court applied a three-level reduction for acceptance of responsibility, giving Hughlette a final total offense level of 35. This offense level, combined with her criminal history points which placed her in Category VI, resulted in a sentencing range of 292 to 395 months. Applying the 18 U.S.C. § 3553(a) factors, the district court considered Hughlette's prior criminal history, including her classification as a career offender, and sentenced her to 262 months imprisonment.

Hughlette claims on appeal that the district court erred in classifying her as a career offender under the Sentencing Guidelines and in considering her as such at sentencing, rendering her sentence substantively unreasonable. She asserts, despite receiving a 30-month downward variance, that the district court would have imposed a lighter sentence had it known it could disregard the career-offender criteria.

"When we review the imposition of sentences, . . . [w]e must first ensure that the district court committed no significant procedural error." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). "We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error." United States v. Lynch, 477 F.3d 993, 996 (8th Cir. 2007).

A district court commits procedural error if it, among other things, improperly calculates an offender's Guidelines range or bases a sentence "on clearly erroneous facts . . . ." Gall v. United States, 552 U.S. 38, 51 (2007). Choosing a sentence "based on a clearly erroneous career offender finding" is a procedural error. United States v. Owens, 596 F.3d 430, 433 (8th Cir. 2010).

The district court, based on an agreement between Hughlette and the government, set her total offense level at 38, one point higher than the base offense level under the career offender guideline. The government conceded at sentencing that the career offender guideline did not apply. While the district court observed that Hughlette met the requirements for a career offender, it specifically found the career offender guideline inapplicable because Hughlette's calculated offense level exceeded the career offender level. Therefore, the career offender guideline ultimately played no role in Hughlette's sentencing, and we find no procedural error.

When we find no procedural error, we then consider "the substantive reasonableness of the sentence imposed under an abuse of discretion standard." Feemster, 572 F.3d at 461. "A district court abuses its [sentencing] discretion . . . when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). The Sentencing Guidelines are merely advisory; the district court must consider, but is not bound by, the recommended Guidelines range. See Gall, 552 U.S. at 46-47. If a district court imposes a sentence lower than what the Guidelines recommend, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Worthey, 716 F.3d 1107, 1116 (8th Cir. 2013).

The § 3553(a) factors explicitly authorize a district court to "avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar crimes."  18 U.S.C. § 3553(a)(6).  A district court may consider a defendant's criminal history, even when the defendant is only "almost" a career offender, if the court does so to help determine a reasonable sentencing range for an offender with a similar background.  United States v. Flores, 336 F.3d 760, 765 (8th Cir. 2003); cf. United States v. Adams, 401 F.3d 886, 896-97 (8th Cir. 2005) ("[T]he district court permissibly considered 'the career offender range as an indicator of a reasonable sentence for someone with a criminal history as extensive as [the defendant's].'" (quoting Flores, 336 F.3d at 765)).

At sentencing, the district court considered each of the § 3553(a) factors.  It found Hughlette was a career offender in light of her criminal history and indicated that career offenders often receive statutory maximum sentences.  It also determined that prior, more lenient sentences had not deterred Hughlette from further offenses.  However, because Hughlette's sentencing range under USSG § 2D1.1 exceeded that applicable to career offenders, the district court applied the higher § 2D1.1 range.  We do not find error in the district court's consideration of Hughlette's career-offender status for § 3553(a) purposes, as such consideration is explicitly permitted by law.  See 18 U.S.C. § 3553(a) (listing "the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" as relevant sentencing factors); Flores, 336 F.3d at 765.

After taking the § 3553(a) factors into account and determining the applicable Guidelines range, the district court exercised its sentencing discretion and applied a downward variance.  Hughlette received a sentence 30 months shorter than the recommended Guidelines minimum.  We cannot say that the district court abused its discretion in failing to apply a larger variance.

The judgment of the district court is affirmed.

_____